376 So.2d 32 (1979)
A. L. LEWIS ELEMENTARY SCHOOL and the Board of Public Instruction, Dade County, Fla. a/K/a Dade County School Board, Appellants,
v.
METROPOLITAN DADE COUNTY, City of Homestead, Florida City, Jacqueline Scott, Etc., et al., Appellees.
No. 79-286.
District Court of Appeal of Florida, Third District.
October 23, 1979.
*33 Peters, Pickle, Flynn, Niemoeller, Stieglitz & Hart, Jeanne Heyward, Miami, for appellants.
Stuart Simon, County Atty. and Ralph C. Rocheteau, III, Asst. County Atty., Miami, for Metropolitan Dade County.
Underwood, Gillis, Karcher, Reinert & Valle and Laurence F. Valle, Miami, for City of Homestead.
Virgin, Whittle & Garbis and Gary E. Garbis, Miami, for Florida City.
Before PEARSON and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CARROLL, Associate Judge.
Jacqueline Scott, a student at A.L. Lewis Elementary School, was injured when struck by a motor vehicle in an intersection of a street adjacent to the school grounds. She filed this action for damages against the School and the Dade County School Board, alleging her injuries were caused by their negligence. Said defendants filed a third party complaint (subsequently amended) against Dade County, the City of Homestead and Florida City for indemnity and contribution. That complaint was rejected by the court; as against Dade County and Florida City by granting their motions to dismiss; and as against the City of Homestead by judgment on the pleading following its answer. The School and School Board filed this appeal from those rulings.
To the extent that the third party complaint sought indemnity, its dismissal was eminently correct. Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977). The School and County School Board were charged with active and affirmative negligence causing or contributing to cause the plaintiff's injury. As stated in Stuart (351 So.2d at 705), "[I]t follows that the rights of a party to indemnification will be denied where his own wrongful act or omission *34 proximately contributes to the injury complained of."
To the extent that the third party complaint was for contribution (in event of subsequent recovery by plaintiff against defendants) it was not subject to dismissal as to the County. The third party complaint alleged the School had requested the County and said two cities (which shared jurisdiction of the adjoining street) to provide a school zone in said street, establish a speed zone and provide pedestrian control devices there; alleged their failure to do so and that such was the proximate cause of the injury.
The appellees argue, and correctly so, that the fixing of particular traffic zones, installation of traffic signals and pedestrial control devices are discretionarily policy matters, planning or judgment governmental features, and as such cannot be the subject of traditional tort liability; and therefore that immunity therefor continues in spite of Section 768.28, Florida Statutes (1975). Commercial Carrier v. Indian River County, 371 So.2d 1010 (Fla. 1979); Ferla v. Dade County, 374 So.2d 64 (Fla. 3d DCA 1979).
That basis for continued immunity of a county or municipality for such matters does not prevail in face of a statutory imposition of a duty on such governmental agencies to establish and maintain such traffic regulation facilities. Section 316.1895, Florida Statutes (1975) directs the Department of Transportation to adopt a system of traffic control devices and pedestrian control devices for use on streets and highways surrounding all schools, public or private; to compile and publish a manual containing the specifications and requirements, and to transfer such manual to the governing body of each county and municipality; and that "each county and municipality in the state shall install and maintain such traffic and pedestrian control devices in conformity with such uniform system". That express statutory direction to install certain speed zones and traffic and pedestrian control devices at stated locations makes such governmental actions mandatory, and the question of whether or not such shall be installed is thereby removed from the realm of governmental discretion. The charge here against the County and said cities is the alleged failure to install and maintain the directed traffic and pedestrian protective devices, not as to the quality or manner of their performance thereof.
The State statute imposed on the County a duty to install and maintain such protective traffic devices on streets or roads surrounding schools located in the County outside of municipalities, and imposed a duty on municipalities to install the same on streets surrounding schools located within municipalities.
However, in Dade County, by ordinance under the Home Rule Charter, the County has undertaken, by master plan, the control of traffic both in the unincorporated and incorporated areas of the County. See: Miami Shores Village v. Cowart, 108 So.2d 468 (Fla. 1959).[1]
That circumstance raises the question of whether thereby the duties imposed by the State statute on municipalities to install and maintain the required traffic control and protective devices in streets surrounding schools in municipalities has been shifted, in Dade County, from the municipalities to the County. It would appear that they have. That undertaking by the County was held to be proper legislative action by the County, acting under its Charter under the so-called Home Rule Amendment to the Florida Constitution adopted in 1956. Miami *35 Shores Village v. Cowart, supra. That Dade legislation did not purport to and did not operate to eliminate the mandatory requirement of the statute [Section 316.1895, Florida Statutes (1975)] for installation of such traffic control and protective devices on streets surrounding schools in municipalities, but only to shunt such duty from the municipalities to the County.
Appellees further argue that the third party complaint was insufficient by failing to allege that the statutory directions to the Department of Transportation were complied with by the Department, contending that unless such was done there would be no obligation under the statute to install or maintain such devices. The clear purpose of the statute was that such safety and traffic control measures be installed and maintained on streets and highways surrounding schools. It was alleged such was not done in respect to the municipal street in question.
Whether or not such statutorily imposed duties were complied with is a matter for determination from the evidence relating thereto, if and when presented in the case. If it shall be found that they were not, and that the failure to do so was a contributing proximate cause of the injury, the party obligated by law to perform such duties (here the County) would be a joint tortfeasor, from whom a defendant (as a joint tortfeasor) could become entitled to contribution. Licenberg v. Issen, 318 So.2d 386 (Fla. 1975); Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977); Section 768.31, Florida Statutes (1977).
The dismissal of the third party complaint for indemnity is affirmed. The dismissal of the City of Homestead and Florida City from the third party complaint is affirmed. The order dismissing the third party complaint as to Dade County, for contribution, is reversed.
NOTES
[1] In Cowart the Court said:

"The instant suit for a declaratory decree instituted by the appellant, Miami Shores Village, against the appellees, as members of the Board, appears to have been sparked by the Board's adoption of an ordinance establishing a master plan for the control of traffic in both the unincorporated and the incorporated areas of Dade County. The ordinance, known as the Metropolitan Traffic Code, expressly nullified and superseded the traffic ordinances of the municipalities in Dade County and provided that violations of the Code should be tried only in the Metropolitan Court of Dade County."