395 So.2d 1267 (1981)
Lillie B. PAYNE, As Personal Representative of the Estate of Dorothy Payne and Jacylyn Payne, Appellants,
v.
PALM BEACH COUNTY, Appellee.
No. 79-1601.
District Court of Appeal of Florida, Fourth District.
April 1, 1981.
*1268 Thomas A. Hoadley, of Hoadley & Gavigan, P.A., West Palm Beach, for appellants.
Edna L. Caruso and Paxton, Crow, Taplin & Bragg, West Palm Beach, for appellee.
MOORE, Judge.
The plaintiff, as personal representative of the estates of her deceased daughters, appeals an adverse summary judgment in appellee's favor in a wrongful death action. We affirm.
The undisputed facts show that the deceased daughters were passengers in an automobile which was traveling in a northerly direction on Sam Senter Road. Sam Senter Road ends at its intersection with Airport Road which runs east and west. Paralleling Airport Road on the north is a canal. Upon approaching the "T" intersection, the driver apparently failed to see, or heed, signs of the approaching intersection. Approximately 1165 feet south of the intersection were two signs, one indicating "Stop Ahead" and the other indicating a speed limit of 25 miles per hour. At approximately 210 feet south of the intersection there was a sign indicating a "T" intersection ahead, and finally, a "STOP" sign was located 42 feet south of the intersection. The signs were visible and readily observable, and met State requirements for traffic control devices. Notwithstanding the visibility of the signs and that the vehicle was being driven during daylight hours, the vehicle went through the intersection, came to rest totally submerged in the canal, and the passengers drowned.
The appellant contends that the County was guilty of negligence by failing to warn motorists that Sam Senter Road did not continue north of Airport Road and by failing to continue the pavement northerly. She also argues that the County had a duty to erect a guard rail in front of the canal to stop vehicles whose drivers fail to see the stop sign.
As to the first of appellant's contentions, the undisputed facts clearly show that the duty to warn was met with the placement of signs meeting more than the minimal requirements of the "State Manual for Traffic Control Devices". As to the second contention that the County should have extended the pavement or erected a guard rail, we are controlled by Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Whether to extend a road or build a guard rail are classic examples of the type of planning level policy decisions which remain in the protected sphere of sovereign immunity. See also, Ferla v. Metropolitan Dade County, 374 So.2d 64 (Fla. 3rd DCA 1979).
The final summary judgment is affirmed.
ANSTEAD and GLICKSTEIN, JJ., concur.