452 So.2d 1109 (1984)
Victoria HYDE, As Personal Representative of the Estate of Brandy Lee Hyde, Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. 83-2145.
District Court of Appeal of Florida, Second District.
July 13, 1984.
*1110 John D. Fernandez of John D. Fernandez, P.A., and Gary A. Hewetson of Gary A. Hewetson, P.A., Clearwater, for appellant.
Mark E. Hungate and Nelly Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
OTT, Judge.
Victoria Hyde, as personal representative of the estate of Brandy Lee Hyde, sued the Florida Department of Transportation and others for the wrongful death of then seven-month-old Brandy Lee Hyde. This appeal involves the trial court's grant of the Florida Department of Transportation's motion for judgment on the pleadings. We affirm.
According to plaintiff's amended complaint, Beacon Homes of Florida, Inc., owned real property in Pinellas County near 66th Street North (State Road A19A) and Bryan Dairy Road (County Road 135). A roadside body of water existed on this property that was not guarded by a longitudinal barrier or comparable device. In 1979, Beacon Homes began development of a project on the site to be known as Beacon Run. The site plan called for excavation of the roadside body of water to a depth of five feet below mean sea level, but did not call for erection of a device to protect vehicles traveling on 66th Street from entering the excavated area. The site plan was approved by the proper county and municipal authorities. The excavation occurred as planned, and no guardrail or protective device was erected.
On January 31, 1981, a vehicle driven in a southerly direction on 66th Street by Victoria Hyde was rear-ended by a vehicle driven by Charles Martindale. Mrs. Hyde's vehicle veered left, crossed the northbound lanes, plunged into the roadside body of water, and became completely submerged *1111 in approximately eight feet of water. Seven-month-old Brandy Lee Hyde drowned.
Plaintiff filed a multi-count civil action for damages. In Count I, plaintiff alleged that DOT owed a duty to safely maintain its highways, streets, and roadsides, and that DOT knew or should have known of the excavated, unbarricaded roadside body of water and was careless and negligent in maintaining that portion of 66th Street North where the accident occurred by failing to erect or cause to be erected a guardrail, or other protective device; that DOT owed a further duty to warn of or correct the known dangerous condition created by the excavated, unbarricaded roadside body of water and was careless or negligent by failing to do so, and that plaintiff suffered her damages as a direct and proximate result of such negligence. The remaining counts are against defendants not involved in this appeal.
Plaintiff first attempts to hold DOT liable for failing to add a guardrail or similar protective device to an existing roadway. The decision to upgrade an existing road is a planning level function to which absolute immunity attaches to city, county, and DOT. See Department of Transportation v. Neilson, 419 So.2d 1071, 1077-1078 (Fla. 1982). Whether to build a guardrail on an existing road is, we believe, a classic example of the type of planning level policy decisions which remain in the protected sphere of sovereign immunity. Payne v. Palm Beach County, 395 So.2d 1267 (Fla. 4th DCA 1981). Thus, the claimed failure by DOT to install a guardrail or other protective device to the existing road involved a planning level decision and therefore is not actionable. See also Perez v. Department of Transportation, 435 So.2d 830 (Fla. 1983).
Plaintiff next seeks to hold DOT liable for failure to warn of a known dangerous condition. When a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational level arises to warn the public of, or protect the public from, the known danger. City of St. Petersburg v. Collom, 419 So.2d 1082, 1086-1087 (Fla. 1982). Here, there is no allegation that DOT created the dangerous condition. Plaintiff has presented this court with no authority that has construed the duty to warn so broadly. In our view, the decision to warn the public of, or protect the public from, conditions created by private land owners along the state's network of roads is a decision arising at the judgmental, planning level. Accordingly, we hold that the second ground for plaintiff's claim against DOT is not actionable.
For the above stated reasons, we affirm the trial court's grant of DOT's motion for a judgment on the pleadings.
AFFIRMED.
GRIMES, A.C.J., and SCHOONOVER, J., concur.