WALDEN, Judge.
Cindy Meadows sued the State of Florida, Department of Transportation (DOT), and State Paving Corporation in negligence because of injuries she suffered while traveling a highway. State Paving had been doing certain repairs and construction work at the accident site pursuant to a contract with DOT.
DOT cross-claimed against State Paving seeking indemnity and contribution. The trial court granted the motion to dismiss filed by State Paving and dismissed the cross-claim with prejudice. DOT appeals. We reverse and remand.
The first question is, did DOT’s cross-claim state a cause of action for common law indemnity in Counts I and II. We have examined the allegations contained in the cross-claim in light of the allegations contained in the primary complaint. It is our opinion that such allegations are sufficient to withstand the assault of a motion to dismiss and that the trial court action in dismissing this portion of the cross-claim was premature and, therefore, constituted error. We have made this determination in light of the principles and criteria contained in Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Stuart v. Hertz Corporation, 351 So.2d 703 (Fla.1977); Goudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983); Mortgage Guarantee Insurance Corporation v. Stewart, 427 So.2d 776 (Fla. 3d DCA), pet. for rev. den., 436 So.2d 101 (Fla.1983); and A.L. Lewis Elementary School v. Metropolitan Dade County, 376 So.2d 32 (Fla. 3d DCA 1979).
The second question is, did the cross-claim state a cause of action for contribution in Count III. State Paving concedes that this claim was improperly dismissed. We, therefore, reverse the dismissal of Count III upon authority of Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), aff'd, 389 So.2d 1179 (Fla.1980).
Reversed and remanded.
HURLEY and BARKETT, JJ., concur.