470 So.2d 750 (1985)
Rolando BARRERA and Luisa Barrera, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 84-1490.
District Court of Appeal of Florida, Third District.
May 28, 1985.
Rehearing Denied July 1, 1985.
Adams, Hunter, Angones & Adams and Christopher J. Lynch, Miami, for appellants.
Sparber, Shevin, Shapo & Heilbronner and James A. Minix, Miami, for appellee.
*751 Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Plaintiffs Rolando and Luisa Barrera appeal a final summary judgment in favor of defendant Florida Department of Transportation ("DOT") in a negligence action.
Appellant Rolando Barrera was driving a truck for the Gonzalez Moving Company when he collided with a low-clearance bridge. There was no clearance warning sign on the bridge, but there were two clearance warning signs located 935 feet in advance of the bridge. There had once been a clearance warning sign on the bridge, but that had been painted over when the bridge was painted. Appellee DOT chose not to place a new clearance warning sign on the bridge. It was DOT policy on the date of the accident that a low clearance sign "may be erected on or in advance of the structure." DOT was aware that there had been previous accidents at the bridge due to its low clearance.
The issue on appeal is whether DOT is protected by sovereign immunity from liability for its decision not to place a new low clearance warning sign on the bridge.
The Barreras argue that DOT is not immune from suit because it has an operational duty to place a new low clearance sign on the bridge and that even if the court finds that the decision is a planning-level one, DOT is not shielded from liability because a duty at the operational level arose due to the existence of a known dangerous condition.
DOT contends its decision as to not placing a warning sign on the bridge is protected by sovereign immunity since such decision is a discretionary, planning-level one, and that the elements of an exception from immunity for a known dangerous condition are not met. We agree and affirm the decision of the trial court.
The Department's decision as to whether or not to replace a low clearance warning sign on the bridge is a planning-level decision as that term is defined in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). DOT is protected against liability for planning-level decisions. Id. at 1022.
This is in line with prior decisions recognizing that the placement or non-placement of traffic control devices is a discretionary function. This court held in A.L. Lewis Elementary School v. Metropolitan Dade County, 376 So.2d 32 (Fla. 3d DCA 1979) that fixing of traffic zones and installation of traffic and pedestrian control devices were discretionary policy matters for which the county was not subject to tort liability. In Ralph v. City of Daytona Beach, 412 So.2d 875 (Fla. 5th DCA 1982), the fifth district held that the city was not liable for failure to control traffic on the beach. In Romine v. Metropolitan Dade County, 401 So.2d 882 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 469 (Fla. 1982), we held that the county's decision to control the intersection with a device different from that chosen could not give rise to liability. The Florida Supreme Court held in Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982) that the failure to install traffic control devices and failure to upgrade an existing road, as well as to build a road with a particular alignment, were judgmental planning-level functions for which absolute immunity attached.
The instant case is distinguishable from Commercial Carrier Corp. v. Indian River County, 371 So.2d at 1022, where the court found that the maintenance of existing traffic control devices was an operational-level decision, as this case concerns a governmental decision not to replace a warning sign on the bridge, not the sign's maintenance. When DOT makes a decision not to replace an existing warning sign, that is a planning decision for which the state is protected by sovereign immunity.
Finally, DOT is not exempted from immunity due to the existence of a known dangerous condition. To establish the known dangerous condition exception, the plaintiff must show the governmental entity created the dangerous condition, the condition was known to be dangerous, and *752 it was not readily apparent to persons who could be injured by the condition. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982). Such prerequisites are not met here, since the bridge was designed and built by Dade County, not DOT, and since the low clearance of the bridge was readily apparent to persons who could be injured by it.
For the foregoing reasons, the summary judgment in favor of DOT is affirmed.
Affirmed.