483 So.2d 492 (1986)
The DUVAL COUNTY SCHOOL BOARD, Appellant,
v.
Patsy Ann DUTKO, As Personal Representative of the Estate of Oscar Woodrow Russell, II, Deceased, Appellee.
No. BC-166.
District Court of Appeal of Florida, First District.
February 14, 1986.
Rehearing Denied March 11, 1986.
*493 Daniel C. Shaughnessy, of Coker, Myers & Schickel, P.A., Jacksonville, for appellant.
Michael J. Korn, Jacksonville, C. Wayne Alford of Alford & Kalil, P.A., Jacksonville, and T. Edward McClamma of Brown, Terrell, Hogan & Ellis, P.A., Jacksonville, for appellee.
*494 SMITH, Judge.
This appeal by the Duval County School Board (Board) seeks reversal of an adverse judgment rendered in appellee's wrongful death action after a jury trial. Two grounds are urged for reversal: (1) that there was no evidence to support a jury finding that any act or omission on the part of the Board was a legal cause of the decedent's death; (2) that the Board is entitled to judgment as a matter of law on its sovereign immunity defense in that its action in designating the location of the school bus stop in question was a planning level governmental activity. Upon review we find that the evidence was sufficient to go to the jury on the issue of proximate cause, and that the trial court correctly determined that the Board was not immune from liability under the facts of this case. We affirm.
Appellee's twelve-year-old son, Oscar, was struck and killed by an automobile at a school bus stop in Jacksonville. The bus stop was located on Beaver Street, a heavily traveled two-lane street with a posted speed limit of 55 mph. There were no bus stop signs at or near the designated stop, nor was there a traffic signal at the Beaver Street intersection with Edna Lee Avenue, some 200 feet from the bus stop.
The manner in which the accident occurred is undisputed. Eye witnesses testified that an automobile traveling in the same direction as the school bus approached the bus and attempted to pass prior to its arrival at the bus stop. At the time of the attempted passing, the bus stop had on its flashing yellow warning lights, which were designated to indicate that the bus was preparing to stop. As the first automobile was attempting to pass the bus, a second automobile entered Beaver Street a few hundred feet ahead of the passing vehicle, obstructing the roadway ahead of the passing vehicle, and necessitating abrupt action by the driver to avoid striking the second car. Unfortunately, the driver of the passing automobile lost control of his vehicle, left the roadway, and angled toward the bus stop where the decedent and another child were waiting for the approaching bus. The decedent had been standing in the grassy area of the bus stop, off the paved surface, and, seeing the approaching vehicle, attempted to move out of its path. Despite these efforts, the child was struck by the passing automobile, resulting in his death three days later.
Appellee filed her wrongful death action against the drivers of the two automobiles, the school bus driver, and appellant Duval County School Board. After settlement with all defendants, except the Board, the case proceeded to jury trial. The trial court denied the Board's motion for directed verdict based upon insufficiency of the evidence, and the Board's sovereign immunity defense. The jury returned a verdict in favor of the plaintiff, awarding damages of $175,000.
On the proximate cause issue, the Board urges that none of the allegedly hazardous conditions such as the heavy traffic, lack of signalization, speed limit, and a yellow line in the middle of Beaver Street designating it as a "passing area" were conditions created or maintained by the Board. The Board also urges that the evidence clearly demonstrates that the sole cause of the death was the negligence of the two automobile drivers, particularly the driver of the passing vehicle; and that the Board's only connection with the occurrence of the accident was the mere act of designating that particular location as a school bus stop.
On the other hand, appellee urges that no attempt was made to predicate liability on the Board's simple act of designating the location of the bus stop in question. Instead, appellee urges here, as in the trial court, that while it may be true that the negligence of the two automobile drivers was the primary cause of decedent's death, the Board may nevertheless be liable, since its actions in maintaining the school bus stop at that place, under the dangerous and hazardous conditions then existing, was at least a "substantial factor" in causing the death, since the actions of motorists such as occurred here are reasonably foreseeable. *495 Appellee urges also the principle that in order to recover for negligence it is not necessary to show that a tortfeasor could foresee the precise manner in which injuries might occur, but only that it was foreseeable that some injury would likely result as a consequence of the tortfeasor's negligence.
Much of the argument contained in the school board's excellent brief is devoted to a discussion of the Board's evidence demonstrating that the designation of a school bus stop location is particularly one involving planning level, judgmental decision making. That conclusion has already been fully accepted by this court and the Florida Supreme Court in Harrison v. Escambia County School Board, 419 So.2d 640 (Fla. 1st DCA 1982), approved, 434 So.2d 316 (Fla. 1983). It is clear, therefore, that if the complaint and the evidence supporting it were directed solely to the negligence of the school board in initially designating the location of this school bus stop, the law would compel us to reverse the judgment of liability against the Board here. We conclude, however, that liability was not predicated upon the mere act of the Board in designating the bus stop.
In addition to the dangerous conditions created by the heavy traffic and absence of any traffic signals, signs, markers or barriers designating this area as a school bus stop, plaintiff presented evidence of prior "near-misses" occurring at this location when vehicles left the roadway and drove upon the grassy shoulder, requiring waiting children to scurry out of the way of wayward vehicles. There was also evidence, albeit disputed, of complaints and warnings being communicated to school board personnel concerning the dangers to children waiting for a school bus at this location, due to the heavy traffic and erratic actions of drivers noted on prior occasions, with no action by the Board.
The school board presented evidence that the bus stop had been in that location for 20 years without an injury or death to a school child. While this evidence would tend to negate the existence of unreasonably dangerous conditions at this bus stop, it would be only one factor to consider by a jury where there is other evidence tending to show the contrary, such as the evidence of tire scuff marks and gouges on and off the pavement at this location, together with the testimony of witnesses concerning the "near-misses" and complaints from parents and neighbors concerning conditions at this location on prior occasions. Under the circumstances, the mere absence of prior accidents or deaths could simply be regarded by the jury as a fortuitous circumstance for which the Board can claim no credit whatever, since the jury could also find that the Board has done nothing at all to attempt to provide protection for the students using this location, either by designating a safe waiting area well clear of the heavily traveled roadway, or otherwise.
The Harrison case established only that the designation of school bus stops is a planning level decision for which no tort liability may be imposed under the doctrine of sovereign immunity. Harrison did not, however, foreclose an action for negligence for the breach of an operational level duty to warn of a known dangerous condition created by the public entity not readily apparent, constituting a trap for the unwary.[1]City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); and Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). The Collum case speaks of the "creation" of a known dangerous condition. It appears to us that this requirement is satisfied by evidence that the school board continued to maintain this school bus stop location as a designated bus stop, without protective measures or warnings of any kind, after the occurrence of events and the receipt of complaints which should have alerted the Board to the existence of dangers to which the waiting children were being exposed. Cf. Anthony v. Jacksonville Transportation Authority, 383 So.2d 650 (Fla. 1st DCA 1980) (complaint failed to allege bus *496 stop waiting area "more than ordinarily vulnerable" to runaway automobiles).
Whether the evidence was sufficient to compel a jury to find that the Board's actions, or failure to act, contributed to the creation of an unreasonable risk of injury or death of a student is not the issue, but only whether a jury could reasonably find this to be the case. Upon consideration of the totality of the evidence, we are persuaded that the trial judge did not err in refusing to apply the doctrine of sovereign immunity to bar recovery against the Board. We are also of the view that reasonable men could differ on the issues of causation, foreseeability, and negligence on the part of the Board.
The judgment appealed from is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] This was only the second day the child had used this bus stop.