508 So.2d 1328 (1987)
Mark MILLER, Appellant,
v.
CITY OF FORT LAUDERDALE, Appellee.
No. 4-86-1239.
District Court of Appeal of Florida, Fourth District.
June 24, 1987.
Timothy J. Hmielewski of Atty. Timothy J. Hmielewski, Chartered, Fort Lauderdale, for appellant.
Clark J. Cochran, Jr., of Billing, Cochran & Heath, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
This is an appeal from a summary judgment in favor of the defendant-city. The facts are undisputed. Plaintiff's automobile struck a street light pole following a collision with another motorist. Appellant asserts that the pole, located eighteen inches from the curb on an in-town commercial boulevard, was located dangerously close to the road when it was installed in 1965. There is nothing to distinguish the location of this pole from the others similarly placed along the street.
The plaintiff contends that the city does not enjoy sovereign immunity for the allegedly negligent placement of the light pole. *1329 He asserts that this function was proprietary rather than governmental in nature, applying the test utilized prior to Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), and that it is an operational rather than a planning level activity, applying the Commercial Carrier test. Plaintiff relies on several cases involving municipal negligence in the location or condition of certain public poles. See Hardie v. City of Gainesville, 482 So.2d 394 (Fla. 1st DCA 1985), rev. denied, 488 So.2d 67 (Fla. 1986); Austin v. City of Mt. Dora, 417 So.2d 807 (Fla. 5th DCA 1982); Griffin v. City of Quincy, 410 So.2d 170 (Fla. 1st DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981). However, we do not find these cases controlling. In Crislip, the plaintiff was injured by a metal spike protruding from a utility pole at an intersection. The city's liability was predicated on the location of the spike on that particular pole, and the issue was foreseeability. In Austin, negligence was based on the placing of a particular utility pole at an extremely dangerous location. Griffin and Hardie involved power line electrocutions. Each of these cases is thus factually distinguishable.
The city asserts that the location of street lighting is a planning level function, and that in any event, at the time of installation, such a decision would have been considered governmental, rather than proprietary in nature. Therefore it contends it is immune from suit. We agree and affirm.
At the time of the pole installation there was municipal sovereign immunity for governmental, but not proprietary functions. The waiver of immunity statute, section 768.28, Florida Statutes (1985), does not apply retroactively. Windham v. Florida Department of Transportation, 476 So.2d 735 (Fla. 1st DCA 1985), rev. denied, 488 So.2d 69 (Fla. 1986). There is no Florida case holding that street lighting has been considered either a proprietary or operational function.
There are a number of cases involving determinations analogous to the location of street lighting poles, which conclude that such decisions constitute planning level or governmental action rather than operational level or proprietary activity. See Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982) (decisions regarding the building of roads, the expansion or alteration of intersections, and the placement and location of traffic control devices are planning level functions); Avey v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881 (Fla. 1943) (installation of a traffic signal system is governmental and not proprietary function); Barrera v. State Department of Transportation, 470 So.2d 750 (Fla. 3d DCA), rev. denied, 480 So.2d 1293 (Fla. 1985) (decision of whether or not to replace a warning sign on a bridge is a planning level decision); City of Delray Beach v. Watts, 461 So.2d 142 (Fla. 4th DCA 1984), rev. denied, 475 So.2d 696 (Fla. 1985) (placement and location of dumpster is a planning level decision); Osorio v. Metropolitan Dade County, 459 So.2d 332 (Fla. 3d DCA 1984), rev. dismissed, 469 So.2d 749 (Fla. 1985) (decision on where to place a stop sign is planning level function). Hyde v. Florida Department of Transportation, 452 So.2d 1109 (Fla. 2d DCA 1984) (failure to install a guardrail is a planning level decision); Gordon v. City of West Palm Beach, 321 So.2d 78 (Fla. 4th DCA 1975) (installation of traffic control devices is a governmental function). See also A.L. Lewis Elementary School v. Metropolitan Dade County, 376 So.2d 32 (Fla. 3d DCA 1979) (fixing of particular traffic zones and installation of traffic signals and pedestrian devices are planning or governmental features). Accord Steelman v. City of New Bern, 279 N.C. 589, 184 S.E.2d 239 (1971); Ochoa v. Taylor, 635 P.2d 604 (Okl. 1981); Freeman v. City of Norfolk, 221 Va. 57, 266 S.E.2d 885 (1980). To the extent that it may not be distinguishable, we recognize a conflict with Austin v. City of Mt. Dora.
The plaintiff concedes that a municipality has immunity for the initial decision of whether to install light poles in a given neighborhood. However, he contends that *1330 once that decision is made, the negligent choice of location is not privileged. However, this was precisely the type of reasoning that was rejected by the supreme court in Department of Transportation v. Neilson. In that case, the plaintiff argued that Commercial Carrier did not immunize all discretionary decisions of governmental entities. The plaintiff in Neilson contended that only broad, basic policy-making decisions constitute planning level judgments, and that the implementing decisions are at an operational level. But the supreme court held that, with respect to roads, "planning" decisions were not limited to cost, size, type and route, but included design, alignment, placement and similar engineering decisions that are inherent in the basic policy decisions as well.
We therefore need not determine whether the city would be liable if it were not shielded by sovereign immunity. However, we note that there is authority to support a conclusion that the position and location of the pole was not the legal cause of the accident. See General Telephone of Florida v. Choate, 409 So.2d 1101 (Fla. 2d DCA 1982) (plaintiff's vehicle struck stationary equipment); Middlethon v. Florida Power & Light, 400 So.2d 1287 (Fla. 3d DCA 1981) (plaintiff's vehicle struck light pole after first colliding with another vehicle); Speigel v. Southern Bell Telephone & Telegraph Co., 341 So.2d 832 (Fla. 3d DCA 1977) (plaintiff's vehicle struck pole allegedly located too close to roadway).
The plaintiff does not contend that the liability claim in this case is based on a failure to warn of a hidden trap or to comply with a mandatory regulation, or other recognized exceptions to sovereign immunity. See Department of Transportation v. Nielson; Payne v. Broward County, 461 So.2d 63 (Fla. 1984); City of St. Petersburg v. Collum, 419 So.2d 1082 (Fla. 1982); City of Delray Beach v. Watts, 461 So.2d 142 (Fla. 4th DCA 1984); City of Jacksonville v. DeRay, 418 So.2d 1035 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983).
We therefore affirm the summary judgment in favor of the defendant.
DOWNEY, J., and RIVKIND, LEONARD, Associate Judge, concur.