STONE, Judge.
This is an appeal from a summary judgment in favor of the defendant-city. The essential facts are undisputed. Appellant was driving on a divided highway, at 45 *957 m.p.h., when his vehicle left its lane of traffic for unknown reasons and collided with a street light pole located on a divider “island.” The island, located at an intersection, separated the through lanes from a separate left turn lane.
Appellant contends that the placement of the pole, 20 years earlier, created a known dangerous condition that was not readily apparent. See St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982). Appellant further argues that even if the pole did not constitute a hidden danger, the city breached its duty to maintain the road in a reasonably safe condition.
The appellant does not contend that the pole was hidden or obscured from view in his lane of travel, nor was it constructed contrary to the road lighting construction plans. The roadway at that location is straight and flat. The initial installation did not violate the accepted standards at the time of construction, however, the requirements for design and placement of light poles have since changed.
After reviewing the record, we find no error in the trial court’s conclusion that the city is shielded by sovereign immunity because the placement of this pole was a discretionary, planning-level function and the facts do not fall within any recognized exception to the city’s exemption.
We therefore affirm. Cf. Department of Transp. v. Neilson, 419 So.2d 1071 (Fla. 1982); Miller v. City of Fort Lauderdale, 508 So.2d 1328 (Fla. 4th DCA 1987); City of Delray Beach v. Watts, 461 So.2d 142 (Fla. 4th DCA 1984); Barrera v. State Dept, of Transp., 470 So.2d 750 (Fla. 3d DCA 1985); State Dept, of Transp. v. Caf-fiero, 522 So.2d 57 (Fla. 2d DCA 1988); Hyde v. Florida Dept, of Transp., 452 So.2d 1109 (Fla. 2d DCA 1984); Windham v. Florida Dept, of Transp., 476 So.2d 735 (Fla. 1st DCA 1985).
HERSEY, C.J., and ANSTEAD, J., concur.