553 So.2d 1341 (1989)
William ALLEN, Appellant,
v.
PORT EVERGLADES AUTHORITY, a Public Corporation, City of Hollywood (Florida), a Municipal Corporation and CSX Transportation, Inc., Appellees.
No. 88-0785.
District Court of Appeal of Florida, Fourth District.
December 20, 1989.
John Beranek of Klein and Beranek, P.A., West Palm Beach, and Krupnick, Campbell, Malone & Roselli, Fort Lauderdale, for appellant.
Rosemary Wilder and Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale, for appellee, City of Hollywood.
*1342 WARNER, Judge.
This appeal raises the issue of a government's duty to warn of a dangerous condition created by it.
Appellant was riding his motorcycle through Port Everglades along Eisenhower Boulevard late one night. After passing over two sets of railroad tracks which were in disrepair, the street widened, and there appeared to be a left turn lane without any painted lines indicating the end of appellant's lane and the beginning of the turn lane. Appellant began looking at and following the curb for his "line". Almost immediately his left knee hit a concrete light pole in the median approximately six inches from the curb. The injuries occurring from the accident resulted in the loss of appellant's leg.
Appellant filed suit for negligence against Port Everglades Authority, CSX Transportation, and the City of Hollywood. The City of Hollywood moved for summary judgment maintaining that, although the city owned the light pole in question and had maintenance responsibilities, the installation of the pole was a planning level function giving the city sovereign immunity from suit. In response, and in addition to numerous depositions filed, appellant filed an affidavit from an engineer who had extensive dealings with the placement of light poles, including the light poles in Port Everglades. In the affidavit the engineer testified that he was involved in hearings held by the City of Hollywood at which the light poles in Port Everglades were discussed. The engineer's affidavit stated that at those hearings the city knew or was made aware of the danger posed by the light poles in the median strip. Finally, the engineer testified that he had personally witnessed numerous incidents prior to appellant's accident where light poles in the median of Eisenhower Boulevard had been knocked down by motor vehicles.
The trial court relied on Miller v. City of Fort Lauderdale, 508 So.2d 1328 (Fla. 4th DCA 1987) and Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982) in granting summary judgment. In Miller, this court held that the location of street lighting is a planning level function and therefore is within the sovereign immunity of the city. However, in Miller the plaintiff did not claim that liability of the city was based upon a failure to warn of a hidden trap or dangerous condition which was not readily apparent. In the instant case, the appellant alleged in his pleadings that the city's negligent acts consisted of design or maintenance of an unreasonably dangerous defect or failure to warn of the dangerous condition, but the complaint does not allege that the dangerous condition was not readily apparent or constituted a hidden trap. Nevertheless, through the affidavits filed by appellant as well as the Memorandum in Opposition to Summary Judgment, the appellant argued that the city should be liable because of its failure to warn of a dangerous condition not readily apparent.[1]
In Bailey Drainage Dist. v. Stark, 526 So.2d 678 (Fla. 1988), the supreme court held that planning level decisions of governmental bodies may incur liability from which the government is not immune if a hidden trap is created. Quoting City of St. Petersburg v. Collom, 419 So.2d 1082, 1085 (Fla. 1982) the court stated:
[O]nce a governmental entity creates a known dangerous condition which may not be readily apparent to one who could be injured by the condition, and the governmental entity has knowledge of the presence of people likely to be injured, then the governmental entity must take steps to avert the danger or properly warn persons who may be injured by that danger. The failure of government to act in this type of circumstance is, in our view, a failure at the operational level.
*1343 Bailey at 680. The Bailey court reversed a summary judgment in an intersection collision case, because material questions of fact still existed as to whether the intersection constituted a trap and whether the responsible governmental entities had knowledge of the condition but failed to provide a warning of the danger.
Similarly, in this case material questions of fact remain as to whether the light pole located six inches from the curb constituted a hidden trap. The facts presented in depositions showed that the railroad tracks immediately in front of the light pole were in disrepair and caused appellant's motorcycle to go out of control; that a short distance after the railroad track a left turn lane began without lines painted to separate the curb from the street and the through lanes; that the lighting was inadequate; and that the location of the light pole only six inches from the edge of the street was not apparent at night to the oncoming traveler. Furthermore, the engineer's affidavit, outlined above, was sufficient to create a material question of fact as to the city's knowledge of the danger posed by the light poles in the median strip. Once the city knew or should have known of the danger created by it, it had a duty to warn of that hidden danger. Reinhart v. Seaboard Coast Line Railroad Co., 422 So.2d 41 (Fla. 2d DCA 1982); Kitchens v. Asolo State Theatre, Inc., 465 So.2d 556 (Fla. 1st DCA 1985); Feldstein v. City of Key West, 512 So.2d 217 (Fla. 3d DCA 1987). As noted in Feldstein, the cases since Collom and Neilson have uniformly held that the traditional "knew or should have known" test is the appropriate standard of knowledge of the danger of the hidden trap, and actual knowledge is not the test. Feldstein, 512 So.2d at 219, n. 5. See also Duval County School Board v. Dutko, 483 So.2d 492 (Fla. 1st DCA 1986), rev. denied, 492 So.2d 1331 (1986) cited with approval in Bailey, 526 So.2d at 681.
The pleadings as stated do not allege that the dangerous condition of the placement of the light pole described above was not readily apparent or that a hidden trap had been created. Thus, based on the cause of action pled, Miller v. City of Fort Lauderdale would be controlling, and the summary judgment on those pleadings was proper. However, where it is apparent from the affidavits and legal arguments that the appellant may have a cause of action not pleaded, the proper procedure is to grant summary judgment with leave of the party to amend. Hart Properties v. Slack, 159 So.2d 236 (Fla. 1964); Sorrells v. Mullins, 303 So.2d 385 (Fla. 3d DCA 1974).
Thus, while we affirm the summary judgment, it is without prejudice to the appellant to amend his complaint, within a reasonable period of time as determined by the trial court, to state a cause of action against the city for failure to warn of a known dangerous condition or hidden trap created by the city, and we remand for further proceedings not inconsistent herewith. See Department of Transportation v. Neilson, 419 So.2d 1071.
Affirmed in part, reversed in part, and remanded.
ANSTEAD, J., concurs.
GUNTHER, J., concurs in part and dissents in part with opinion.
GUNTHER, Judge, concurring in part; dissenting in part.
I concur with that portion of the majority opinion affirming the summary final judgment and the trial court's reliance on Miller v. City of Fort Lauderdale, 508 So.2d 1328 (Fla. 4th DCA 1987). I agree with the majority that the complaint in the instant case does not allege any recognized exceptions to sovereign immunity.
I also concur with the majority's reliance on Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982), for the proposition that there are circumstances when a cause of action for a breach of duty to warn of a dangerous condition or hidden trap can be maintained against a governmental entity. The majority correctly concludes *1344 that a plaintiff must allege, inter alia, and have evidence that the governmental entity knew or should have known when it created a situation that it was creating a dangerous condition or hidden trap.
However, I disagree with the majority's position that it is apparent from the affidavits filed by the plaintiff and plaintiff's legal arguments that he may have a cause of action not pleaded. Consequently, since the plaintiff did not seek to amend his complaint and it is not apparent from the complaint affidavits and legal arguments made to the trial court that plaintiff may have a cause of action against the governmental entity, I would affirm the trial court's granting of summary final judgment with prejudice. See Dober v. Worrell, 401 So.2d 1322 (Fla. 1981). Thus, I respectfully dissent from that portion of the majority opinion holding that upon remand the plaintiff shall be permitted an opportunity to amend his complaint to state a cause of action.
NOTES
[1] The memorandum in opposition also attempted to allege liability based upon the city's failure to correct or warn of a dangerous condition after the city became aware of its danger. However, that does not create liability on the city unless the dangerous condition is hidden or not readily apparent. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982).