DANIEL, Chief Judge.
Appellant Jack Hoover, as personal representative of the estate of his son Michael Hoover, appeals from the final judgment entered upon a jury’s verdict in favor of the Department of Transportation on counts 2 and 3 of his crossclaim. Finding no merit in the issues raised for review, we affirm. Appellant also appeals from the order of partial summary judgment entered in favor of the Department of Transportation on counts 5 and 6 of his crossclaim. Appellant contends that the trial court erred in concluding that the doctrine of sovereign immunity bars him from recovering on these counts. We agree and, therefore, reverse.
In May of 1984, Michael Hoover was driving north on State Road 483 in Daytona Beach when his car entered into an area of standing water. Hoover lost control of the car and collided with another vehicle. As a result of this collision, Michael Hoover died.
Appellant subsequently filed a claim against the Department of Transportation alleging, among other things, that the Department had been negligent in failing to correct the flooding hazard on the roadway and in failing to provide permanent warnings as to the flooding hazard on the roadway. Upon the Department’s motion, the trial court entered summary judgment on these two claims, stating that there were no genuine issues of material fact and that, as a matter of law, the Department was entitled to judgment in its favor because the doctrine of sovereign immunity barred recovery. This was error.
The supreme court has ruled that once the government has knowledge of a hidden danger on one of its roadways the government is under a duty to either warn motorists of the danger or to make safe the dangerous condition and that the failure to do so constitutes actionable negligence. Bailey Drainage District v. Stark, 526 So.2d 678 (Fla.1988); City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla.1982). In Stark, the supreme court addressed the certified question of whether sovereign immunity bars an action for failing to warn motorists of an intersection known by the ..government to be dangerous. Stephen Stark was traveling east on Southwest 52nd Court when his vehicle entered into an intersection and was struck by a truck traveling north on Southwest 178th Avenue. As a result of this collision, Stark died. The personal representative of Stark’s estate instituted suit alleging that Stark’s view of the intersection was impeded by plant growth on the sides of the road which created a danger not apparent to motorists, and that the Bailey Drainage District and Broward County had negligently failed to provide proper signs or other traffic control devices to warn motorists of the danger. The complaint also alleged that the governmental entities had previously kept the plant growth on the sides of the road trimmed and that both defendants had knowledge of the dangerous condition. Upon defendants’ motion, the trial court entered summary judgment against the plaintiff, concluding that the doctrine of sovereign immunity barred her claim. The district court, however, reversed the order of summary judgment. On appeal the supreme court affirmed:
We note that the failure to regulate traffic at an intersection by posting signs or other means does not 'in and of itself give rise to an actionable breach of duty. [Department of Transportation v. Neilson, 419 So.2d 1071 (Fla.1982)]. Likewise, the existence of an obstructed view of traffic at an intersection does not in and of itself give rise to liability. We hold, however, and in response to the certified question, sovereign immunity does not bar an action against a governmental entity for rendering an intersection dangerous by reason of obstructions to visibility if the danger is hidden or presents a trap and the governmental entity has knowledge of the danger but fails to warn motorists. Where a governmental agency knowingly maintains an intersection right-of-way which dan *925 gerously obstructs the vision of motorists using the street in a manner not readily apparent to motorists, it is under a duty to warn of the danger or make safe the dangerous condition. See Duval County School Bd. v. Dutko, 483 So.2d 492 (Fla. 1st DCA), review denied, 492 So.2d 1331 (1986). The failure to do so is a failure at the operational level.
526 So.2d at 681.
Here, appellant alleged that the Department of Transportation was aware that a hazardous flooding condition existed on State Road 483 but that the Department had failed to provide permanent warnings of the condition or to take steps to make safe the condition. The record reflects that material questions of fact exist in regards to whether State Road 483 presented a “hidden danger or trap” of which the Department had knowledge and whether the Department failed to take steps to either warn motorists of the danger or to make the condition safe for motorists. Accordingly, it was error to enter summary judgment on these claims.
AFFIRMED in part; REVERSED in part; REMANDED for proceedings consistent with this opinion.
W. SHARP, and COWART, JJ., concur.