PER CURIAM.
Appellants Allen and Betty Lou Freeman seek review of an adverse summary judgment entered against them in their claim for personal injury against appellee Taylor County on the basis of sovereign immunity. We reverse because at least one of the Freeman’s allegations is not barred by sovereign immunity.
Taylor County maintains a trash dumping site on Old Carlton Cemetery Road. In the late evening of October 8,1988, Mr. and Mrs. Freeman went to the dump site because they had heard a report that a trash dumpster was on fire. The dump site provides a ramp allowing persons to drive automobiles or trucks up to an elevated point where they may unload their trash into a dumpster below and then drive down a ramp on the opposite side. The ramps rise to a height of approximately eight feet above ground level. The entire dump site is paved with limestone.
When the Freemans arrived at the dump, a Taylor County sheriffs deputy was already attempting to extinguish the fire. When the deputy told Mrs. Freeman to step back, she turned and lost her footing on loose limestone gravel, could not regain her balance, and fell over the edge of the ramp on to the ground below.
To the extent that the Freemans seek recovery based on the County’s failure to erect a guardrail, we must affirm the trial court. In the decisions interpreting Florida’s waiver of sovereign immunity, section 768.28, Florida Statutes (1991), the courts have rather firmly established the doctrine that the decision to install guardrails or other protective devises on roadways are basic capital improvements and thus are seen as judgmental planning level functions immune from suit in tort. Department of Transportation v. Neilson, 419 So.2d 1071 (Fla.1982); Hyde v. Department of Transportation, 452 So.2d 1109 (Fla. 2d DCA 1984); Payne v. Palm Beach County, 395 So.2d 1267 (Fla. 4th DCA 1981). The Florida cases to date have not drawn a distinction between a pedestrian handrail and a roadway guardrail. Cf. American Exchange Bank of Madison, Wisconsin v. United States, 257 F.2d 938 (7th Cir.1958) (a federal court applying Wisconsin law held failure to install a handrail on stairway in a public building was considered an omission at the operation level, and thus not immune from suit under the Federal Tort Claims Act, 28 U.S.C. § 2680(a)). Even were such an exception to be'persuasively urged in the present case, however, we would be constrained to find that the ramp in question is primarily a roadway, as opposed to a pedestrian walkway, and thus the Florida guardrail cases control.
The allegation of loose limestone gravel presents a different question. While the decision to utilize limestone as paving material is protected, the continued maintenance of the roadway once installed is not subject to complete immunity. Basically, the Freemans allege that the area over which truck and car tires continually rolled was hard and compacted, while the surrounding areas, closer to the edges of the ramp, were loose and thus presented a slip and fall danger. We need not subscribe to the Free-mans’ view, but we do note that the facts are disputed as to this issue. A liability suit under section 768.28 is not barred by sovereign immunity where plaintiffs allege failure to warn or correct a known dangerous condition, or failure to properly maintain existing improvements. City of St. Petersburg v. Collam, 419 So.2d 1082 (Fla.1982). The allegation concerning loose gravel is thus not protected by sovereign immunity.
*46 AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, KAHN and MICKLE, JJ., concur.