PER CURIAM.
The plaintiff, Flor Perez, appeals from an adverse final summary judgment and from the denial of her motion for rehearing. We affirm.
In March 1990, Ivy Perez, a McMillan Junior High School student, was struck by a car on her way home from school as she crossed Miller Drive at the intersection with 132nd Avenue. She suffered severe injuries from this accident and subsequently died from her injuries.
In February 1992, Flor Perez, Ivy’s mother and personal representative, filed suit against Metropolitan-Dade County [Metro-Dade] alleging that Metro-Dade had violated section 316.1895, Florida Statutes (1991), by negligently failing to maintain or install a school speed zone at the intersection of Miller Drive and 132nd Avenue. Specifically, she alleged that Metro-Dade had a duty to conduct engineering studies to determine *422 whether the existing school speed zone, that included the perimeter roads directly adjacent to the school, needed to be extended one and a half blocks from the school to include the intersection of Miller Drive and 132nd Avenue.
Metro-Dade moved for summary judgment arguing that the suit was barred by the doctrine of sovereign immunity because the decision to install a school speed zone at the location in question was a planning-level activity. Perez responded by arguing that the doctrine of sovereign immunity was inapplicable because it does not shield Metro-Dade from liability for negligent discharge of an operational function that it is statutorily mandated to perform. After considering the parties’ arguments, the trial court entered final summary judgment in favor of Metro-Dade. Subsequently, Perez’s motion for rehearing was denied, and this appeal follows.
Perez contends that the trial court erred by granting Metro-Dade’s motion for summary judgment where this suit is not barred by sovereign immunity because Metro-Dade did not discharge its statutory duty to install a school speed zone. We disagree.
In Florida, it is well settled that “the failure to install traffic control devices and the failure to upgrade an existing road or intersection, as well as the decision to build a road or roads with a particular alignment, are judgmental, planning-level functions and absolute immunity attaches.” Department of Transp. v. Neilson, 419 So.2d 1071, 1073 (Fla.1982). However, “express statutory direction to install certain speed zones and traffic and pedestrian control devices at stated locations makes such governmental actions mandatory, and the question of whether or not such shall be installed is thereby removed from the realm of governmental discretion.” A.L. Lewis Elementary Sch. v. Metropolitan Dade County, 376 So.2d 32, 34 (Fla. 3d DCA 1979). In those cases, “the sovereign immunity which normally attaches to the decision to install traffic-control devices could not prevail in the face of the statutory imposition of a duty_” Harrison v. Escambia County Sch. Board, 434 So.2d 316, 319 (Fla.1983); A.L. Lewis, 376 So .2d at 34.
In the instant ease, as in A.L. Lewis, Metro-Dade had a duty, pursuant to section 316.1895, Florida Statutes (1991), to establish a school speed zone for McMillan Junior High School. We find that Metro-Dade discharged that duty by establishing a school speed zone on the streets that form the perimeter of the school. Admittedly, Metro-Dade had the discretion to extend or expand the school zone to other locations if it was justified by an engineering study, but clearly the decision of whether or not to extend the school zone is a discretionary, planning-level function for which Metro-Dade has sovereign immunity. Therefore, the trial court properly granted Metro-Dade’s motion for summary judgment.
Affirmed.