715 So.2d 315 (1998)
Jay F. ROMANO, Appellant,
v.
PALM BEACH COUNTY, Appellee.
No. 97-2542.
District Court of Appeal of Florida, Fourth District.
July 22, 1998.
Rehearing Denied September 2, 1998.
*316 Jay F. Romano of Romano & Associates, P.A., Boca Raton, pro se.
Wanda Raiford, Assistant County Attorney, West Palm Beach, for appellee.
STEVENSON, Judge.
During a pick-up softball game at Sandlefoot Park, appellant, while running to retrieve the ball, collided with the outfield fence and allegedly suffered "serious and permanent" injuries. The fence is a typical chain-link fence, between five and six feet in height, with the exposed, unfinished ends of the chain-link running along the top. In the ensuing action against Palm Beach County, the owner and operator of the park, the trial court granted the County's motion for summary judgment on the ground that this action was barred by the doctrine of sovereign immunity. We affirm.
The doctrine of sovereign immunity bars negligence actions against governmental entities with respect to "planning" functions, but not "operational" functions. See § 768.28, Fla. Stat. (1997). In City of St. Petersburg v. Collom, 419 So.2d 1082, 1083 (Fla.1982), the supreme court wrote:
We hold that when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger. The failure to fulfill this operational-level duty is, therefore, a basis for an action against the governmental entity.
An operational-level duty to warn under Collom arises only with respect to "a known hazard so serious and so inconspicuous to a foreseeable plaintiff that it virtually constitutes a trap." See Cygler v. Presjack, 667 So.2d 458, 461 (Fla. 4th DCA 1996)(quoting Department of Transp. v. Konney, 587 So.2d 1292, 1299 (Fla.1991)(Kogan, J., concurring)).
We affirm the summary judgment which essentially found that the chain-link fence involved in the instant case, with its visible protruding edges, constituted an obvious and conspicuous hazard. Nothing stated in any of the affidavits presented by appellant created a genuine factual issue with respect to whether the fence in question amounted to a trap or dangerous condition not readily apparentan essential ingredient to the appellant's cause of action in this case. We believe that this case falls squarely with others which have concluded that the risk of colliding with a plainly visible, stationary object is open and obvious. See Hosey v. City of Fort Lauderdale, 533 So.2d 956 (Fla. 4th DCA 1988)(affirming a summary judgment in favor of the City where the plaintiff drove his vehicle into a plainly visible street light pole on a median); Barrera v. State Dep't. of Transp., 470 So.2d 750, 752 (Fla. 3d DCA 1985)(affirming a summary judgment in favor of the DOT where the plaintiff was injured after driving his truck into a low-clearance *317 bridge, as "the low clearance of the bridge was readily apparent to persons who could be injured by it"); Department of Transp. v. Stevens, 630 So.2d 1160 (Fla. 2d DCA 1993)(reversing a jury verdict entered against the DOT, ruling that, as a matter of law, the danger of colliding with a guardrail after falling asleep at the wheel is readily apparent).
AFFIRMED.
FARMER, J., concurs.
STONE, C.J., dissents with opinion.
STONE, Chief Judge, dissenting.
I would reverse. In my judgment, there is evidence that the county created a known trap or dangerous condition not readily apparent, with knowledge of the facility's use by persons subject to being injured. The county, under such circumstances, may be held liable for failure to warn or take reasonable steps to avert the danger. See City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982).