414 So.2d 559 (1982)
STATE of Florida, DEPARTMENT OF TRANSPORTATION; Mireya Lopez and Allstate Insurance Company, Appellants,
v.
Orlando VEGA, a Minor, Mercedes Vega, a Minor, and Consuelo Vega, a Minor, by and through Their Natural Parents and Next Friends, Pilar Vega and Orlando Vega, and Pilar Vega and Orlando Vega, Individually, Appellees.
Nos. 81-821, 81-1353 and 81-1355.
District Court of Appeal of Florida, Third District.
April 27, 1982.
Rehearing Denied June 18, 1982.
*560 Vernis, Bowling, West, Montalto & Goodman and Richard N. Blank, Fort Lauderdale, McCormick, Bedford & Backmeyer and Thomas E. Backmeyer, Miami, for appellants.
Barranco & Kellough, P.A., and Steven Kellough, Miami, for appellees.
Before HUBBART, C.J., and SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
A vehicle operated by Mireya Lopez went out of control on an expressway, jumped the curb which formed the perimeter of the roadway and went down an embankment into plaintiffs Vegas' back porch, pinning Mrs. Vega under the wreckage. Mrs. Vega, joined by her husband for his derivative claim, brought a personal injury action against the Department of Transportation (DOT), for failure to install a guardrail; and Mrs. Lopez, for negligent operation of her vehicle. The jury returned a joint and several verdict against the defendants in favor of Mrs. Vega for $240,000 and in favor of Mr. Vega for $10,000. DOT appeals the final judgment on the basis of sovereign immunity. Mrs. Lopez appeals the cost judgment entered against her. Mr. Vega cross-appeals the judgment in his favor as inadequate.
DOT correctly contends that it was immune from liability for the injuries to the Vegas. The Department's decision as to whether to erect a guardrail as a barrier on the expressway was a planning level decision as that term is defined in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979). The plans and designs for the expressway did not include the installation of a guardrail to either insulate or act as a barrier between the highway and the adjacent property. We have recognized that the placement or nonplacement of traffic control signals and pedestrian control signals is a discretionary planning level function unless mandated by a particular statute. A.L. Lewis Elementary School v. Metropolitan Dade County, 376 So.2d 32 (Fla. 3d DCA 1979). More recently, the Fourth District, in Payne v. Palm Beach County, 395 So.2d 1267, 1268 (Fla. 4th DCA 1981), held that "[w]hether to extend a road or build a guard rail are classic examples of the type of planning level policy decisions which remain in the protected sphere of sovereign immunity." Consequently, since DOT enjoyed sovereign immunity in its decision not to erect a guardrail, we reverse the final judgment entered against it in favor of both Mr. and Mrs. Vega.
As to Mrs. Lopez' claim that the cost judgment has made her jointly and severally liable for all costs including those resulting from the plaintiff's claim against the Department of Transportation, we reverse. Because we have determined that there is no liability against DOT, the cost judgment against the Department must also be reversed. See Goldstein v. Acme Concrete Corporation, 103 So.2d 202, 205 (Fla. 1958). In Food Fair Properties, Inc. v. Snellgrove, 292 So.2d 66 (Fla. 3d DCA 1974), we recognized the injustice of allowing a plaintiff to obtain a cost judgment against the single losing defendant where those costs included prosecution of a successful joint defendant. Accordingly, Mrs. Lopez may not be taxed for the costs attributable to the successful defendant, DOT. See Food Fair Properties, *561 Inc. v. Snellgrove, supra. For this reason, the cost judgment, now extant only with respect to Mrs. Lopez, is reversed and remanded for deletion of those costs attributable solely to the Department of Transportation.
As to Mr. Vega's cross-appeal, which claimed that the judgment in his favor (now remaining only against Mrs. Lopez) was inadequate because it totalled less than one-fourth of the medical expenses incurred as a result of his wife's injuries, we affirm. While it is true that the jury was instructed that the husband was entitled to medical expenses incurred on behalf of his wife, it is equally true that both Mr. and Mrs. Vega introduced medical expenses and separately and individually claimed the right to recover for those expenditures. As a result, we must assume that the jury awarded these expenses to the wife as part of the $240,000 judgment entered on her behalf.
For the foregoing reasons, the judgments in favor of Mr. and Mrs. Vega against the Department of Transportation are reversed. The cost judgment against Mrs. Lopez is reversed and remanded with directions. In all other respects, the judgments appealed from are affirmed.