PER CURIAM.
We sua sponte consolidate these appeals arising from the same action in the trial court. We reverse the judgment on the merits based upon the trial court’s direction of a verdict for appellee in appellant’s action based upon an alleged breach of contract. We also reverse the imposition of costs for an expert witnesses’ services awarded after the entry of a summary *123 judgment for appellee on appellant’s negligence claim.
The breach of contract action was predicated upon appellee’s alleged failure to carry out its responsibilities under a construction management agreement with the appellant involving the construction of a jail facility. Specifically, the appellant claimed that the appellee failed to act pursuant to its management duties to assist in resolving a dispute involving the tile work to be done on the project. The county presented evidence that the tile work eventually cost many times the amount originally contracted for, and that appellee was partially responsible for the excessive cost by failing to act properly and promptly to determine the cause of the problem. While it is undisputed that appellee was not responsible for the underlying cause of the title problem, we agree with appellant that there is some evidence that appellee did not perform the services for which it had contracted to resolve the tile problem.
There is evidence in the record, for example, that the appellee had agreed, but failed to secure the services of an independent expert to determine the cause of the tile problem. There is also abundant evidence suggesting that the appellee properly carried out its responsibilities, and that the difficulty in resolution of the tile problem was caused by others, including the appellant. However, on a motion for directed verdict, it is not the role of the court to act upon the weight of the evidence, even when it is great. Even a small amount of evidence is sufficient to require the resolution of the dispute by the trier of fact. Riccio v. Allstate Ins. Co., 357 So.2d 420 (Fla. 3d DCA 1978). We conclude that upon the evidence presented, reasonable persons could conclude that appellee had breached its contractual duties in the manner it attempted to resolve the tile problem.
We also agree with appellant that the trial court acted contrary to prevailing case law in assessing costs for an expert witness who never appeared at trial. See Thellman v. Tropical Acres Steakhouse, Inc., 557 So.2d 683 (Fla. 4th DCA 1990).
Accordingly, we reverse and remand with directions for further proceedings in accord herewith.
GLICKSTEIN, C.J., and WALDEN, JAMES H., Senior Judge, concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.