PER CURIAM.
Appellants, Psychiatric Institute of Delray, Inc., d/b/a Fair Oaks Hospital at Boea/Delray and David Gross, M.D. (“Appellants”), bring this consolidated appeal from a jury verdict awarding Appellee, Frank Keel, as guardian of Kevin Keel (“Plaintiff’), total damages of $2,550,000. Without further discussion, we affirm the seven issues raised by Appellants concerning alleged errors that occurred at trial. However, we reverse the trial court’s order denying Appellants’ motion to make periodic payments of the future economic damages awarded as well as certain costs taxed to Appellants.
While under the care of Appellants, Plaintiff suffered a seizure and fell to the ground, sustaining a serious brain contusion. After a three week trial, the jury returned a verdict finding Appellants liable for Plaintiffs injuries. The jury awarded $50,000 for past lost earnings and medical expenses, $50,000 for past pain and suffering, and $50,000 for future pain and suffering. The jury also awarded $2,400,000 in total damages (future medical expenses and lost earning ability) over future years. The verdict indicated that the $2,400,000 award was intended to compensate Plaintiff over 35 years. The jury *1043 also determined that the present value of those future damages was $2,400,000. Plaintiff did not object and the jury was discharged.
Post-trial, the trial court entered an order denying Appellants’ motion for entry of a judgment permitting periodic payments of the $2,400,000 awarded in future economic damages, pursuant to section 768.78, Florida Statutes (1997). It found that it would be manifestly unjust to enter a judgment permitting periodic payments of the future economic damages award. The trial court also entered a final judgment awarding Plaintiff $82,269 in taxable costs.
On appeal, Appellants claim that upon their request, it was mandatory that the trial court enter an order permitting them to pay the future economic damage award in periodic installments rather than in a lump sum, pursuant to section 768.78(2)(a), Florida Statutes (1997). Plaintiff responds that both subsection (l)(a) and (2)(a) of section 768.78 apply in this case and that the trial judge did not err in denying Appellants request where it found that manifest injustice would occur if it allowed periodic payments to be made.
The subsections at issue here provide:
(l)(a) In any action to which this part applies which the trier of fact makes an award to compensate the claimant for future economic losses which exceed $250,-000, payment of amounts intended to compensate the claimant for these losses shall be made by one of the following means, unless an alternative method of payment of damages is provided in this section:
1. The defendant may make a lump-sum payment for all damages so assessed, with future economic losses and expenses reduced to present value; or
2. Subject to the provisions of this subsection, the court shall, at the request of either party, unless the court determines that manifest injustice would result to any party, enter a judgment ordering future economic damages, as itemized pursuant to s. 768.77(l)(a), in excess of $250,000 to be paid in whole or in part by periodic payments rather than by a lump-sum payment.
[[Image here]]
(2)(a) In any action for damages based on personal injury or wrongful death arising out of medical malpractice, whether in tort or contract, in which the trier of fact makes an award to compensate the claimant for future economic losses, payment of amounts intended to compensate the claimant for these losses shall be made by one of the following means:
1. The defendant may make a lump-sum payment for all damages so assessed, with future economic losses and expenses reduced to present value; or
2. The court shall, at the request of either party, enter a judgment ordering future economic damages, as itemized pursuant to s. 768.77, to be paid by periodic payments rather than lump sum.
§ 768.78(l)(a) & (2)(a), Fla. Stat. (1997)(em-phasis added).
Contrary to plaintiffs assertions, we disagree that both sections apply in this case. If both subsections were meant to apply simultaneously as plaintiff suggests, there would be no need to have the second subsection of the statute. In addition, “where there is in the same statute a specific provision, and also a general one that in its most comprehensive sense would include matters embraced in the former, the particular provision will nevertheless prevail; the general provision must be taken to affect only such cases as are not within the terms of the particular provision.” Fletcher v. Fletcher, 573 So.2d 941, 942 (Fla. 1st DCA 1991). Since this case involves a medical malpractice claim, it would fall under subsection (2)(a).
Appellants’ argument that section 768.78(2)(a) requires a trial court to comply with a party’s request to pay in periodic installments is persuasive. Subsection (2)(a)2 provides that the trial court shall, upon request of either party, enter a judgment ordering future economic damages to be paid by periodic payments rather than lump sum. As Appellants point out, the term “shall” is normally interpreted to be mandatory in nature. See S.R. v. State, 346 So.2d *1044 1018 (Fla.1977); Black’s Law Dictionary 1233 (5th ed. 1979)(“As used in statutes, contracts, or the like, this word [shall] is generally imperative or mandatory”). Given the plain language of the statute, we believe it is clear that the Legislature intended that the parties would be the ones to decide whether they would pay an award for future economic damages in periodic payments or in one lump sum. The trial court was simply to follow the wishes of the parties on this matter. Although subsection (l)(a)2 provides that a trial court does not have to grant a party’s request for periodic payments when it determined that manifest injustice would result to any party, subsection (2)(a)2 contains no such provision that could be interpreted as giving the trial court any discretion in denying a party’s request. Thus, we conclude that the trial court erred in entering an order denying Appellants’ motion for entry of a judgment allowing them to make periodic payments of the future economic damage award. Accordingly, we reverse the order denying this motion and remand with instructions for the trial court to grant Appellants’ motion requesting that they be allowed to make periodic payments of the future economic damage award.
We conclude that this result is necessary even though it appears that the jury may have made some improper calculations in valuing Plaintiffs future damages. The jury determined that the total damages over future years amounted to $2,400,000. It also determined that the present value of those future damages totaled $2,400,000. While these determinations appear to be inconsistent, Plaintiff has not sought to challenge the verdict either at the trial level or on cross-appeal.
Appellants also argue that the trial court improperly taxed certain costs. Except for the following errors, we affirm the costs taxed against Appellants.
We conclude that the trial court abused its discretion in taxing Appellants $7,500 for Dr. Nelson’s expert witness fee where Dr. Nelson was not qualified as an expert by the trial court nor did he testify at trial. See St. Lucie County v. Federal Constr. Co., 584 So.2d 122, 123 (Fla. 4th DCA 1991); Thellman v. Tropical Acres Steakhouse, Inc., 557 So.2d 683, 684 (Fla. 4th DCA 1990)(finding that it was not appropriate to tax expert witness fees of witnesses who are neither qualified as experts by the court nor testify at trial); KMS of Fla. Corp. v. Magna Prop., Inc., 464 So.2d 234, 235 (Fla. 5th DCA 1985).
In addition, the trial court abused its discretion in taxing Dr. Jordan’s expert witness fee ($700) and the cost of his deposition ($232), Dr. Berger’s deposition ($236), and Dr. Boltz’s deposition ($483). See State Dept. of Transp. v. Vega, 414 So.2d 559, 560-61 (Fla. 3d DCA 1982)(determining that a defendant who is found liable may not be taxed for the costs that would have been attributable to a joint defendant who is not found to be liable). Accordingly, we reverse the final judgment awarding certain costs to Plaintiff and remand to the trial court with instructions to strike those costs that we have determined were improperly assessed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
STONE, C.J., and GUNTHER and POLEN, JJ., concur.