459 So.2d 332 (1984)
Edna OSORIO, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 83-2711.
District Court of Appeal of Florida, Third District.
October 9, 1984.
Rehearing Denied December 17, 1984.
Schwartz, Klein, Steinhardt, Weiss & Weinstein, P.A., and Mark L. Weinstein and Alan D. Sackrin, North Miami Beach, for appellant.
Robert A. Ginsburg, Dade County Atty. and James A. Jurkowski, Asst. County Atty., for appellee.
Before HUBBART and NESBITT, JJ., and DELL, JOHN W., Associate Judge.
DELL, JOHN W., Associate Judge.
Appellant, Edna Osorio, appeals an adverse final summary judgment.
*333 Appellant suffered personal injuries in an automobile accident which occurred at the intersection of East First Avenue and East Seventeenth Street in Hialeah, Florida. She filed suit against Dade County and alleged that Dade County negligently failed to maintain the existing stop sign and failed to warn her of a known dangerous condition at the intersection. She further asserted that mere compliance with the mandatory provisions of the manual on uniform traffic control devices does not bar an action for negligence in the installation of the signs.
Appellant claimed that she had never driven through this intersection prior to the evening of the accident and that she did not see the "stop ahead" sign or the stop sign located at the corner of East First Avenue. Appellant presented evidence that a large ficus tree trunk obstructed the stop sign located at the intersection, which necessitated the placement of a stop ahead sign. She also presented evidence that notwithstanding a work order issued by appellee's Department of Traffic and Transportation directing the exact placement of the stop ahead sign, the sign was actually installed in a different location.
Appellant contends that the trial court erred in granting summary judgment because genuine questions of fact as to the negligence of appellee exist. Appellee contends that the decisions concerning the placement of the stop sign and the stop ahead sign constituted planning functions which remain immune from tort liability. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Appellee also argues that the actual placement of the sign technically complies with the minimum mandatory provisions of the manual on uniform traffic control devices, thereby conclusively establishing its absence of negligence.
When the visibility of a stop sign is restricted, the manual only requires erection of a stop ahead sign "in advance of" the stop sign. The record contains the engineering study made of the intersection and the work order directing placement of the stop ahead sign at 210 feet east of the stop sign and four feet north of the roadway. Appellee's decision to erect a stop ahead sign, as required by the manual, and the further decision regarding the proper location for the sign clearly constituted planning decisions that are immune from suit. Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). However, in carrying out the operational activity of installing the stop ahead sign, the workers failed to implement the planning decision. Instead the stop ahead sign was installed 301 feet east of the stop sign and 10 feet north of the roadway. Although the actual placement of the sign fell within the recommendations of the manual, a question of material fact exists as to whether the worker's deviation from the work order and misplacement of the sign constituted a legal cause of the accident.
Therefore we reverse the summary final judgment in favor of the appellee and remand this cause to the trial court for further proceedings.
REVERSED and REMANDED.