CAMPBELL, Judge.
Appellant, Francisco Garza, appeals a directed verdict in favor of appellee, Hendry County. Appellant had sustained injuries in a single vehicle accident which occurred when the car he was driving plunged into a canal. The accident occurred at an intersection of a rural county road where, because of the configuration of the intersection, there is an abrupt jog in the road. Appellant was unable to successfully negotiate the jog in the road and plunged straight ahead into the canal. Appellant’s complaint alleged appellee was liable for his injuries, in that appellee negligently constructed and maintained the intersection and negligently failed to post warning signs or traffic control devices to alert drivers to the jog in the road. There was no evidence that any such signs or devices had ever existed.
Appellee defended on the basis that its actions in connection with the road were planning level activities, mandating the application of sovereign immunity as explained in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979).
In this case, there was no evidence that appellee had knowledge of any similar accidents at this intersection, nor for that matter, that any similar accidents had in fact occurred. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982), is not applicable since there is no evidence that appel-lee here created a known dangerous condition which was not readily apparent to ap-pellee. This was not a known hazard or trap as existed in Collom. We therefore affirm on the authority of Ingham v. Department of Transportation, 419 So.2d 1081 (Fla.1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla.1982); City of Sarasota v. Eppard, 455 So.2d 623 (Fla. 2d DCA 1984); Banta v. Rosier, 399 So.2d 444 (Fla. 5th DCA 1981).
GRIMES, A.C.J., and SCHOONOVER, J., concur.