541 So.2d 731 (1989)
Mary Louise LOCKWOOD, Appellant,
v.
BAPTIST REGIONAL HEALTH SERVICES, INC., Appellee.
No. 88-261.
District Court of Appeal of Florida, First District.
April 7, 1989.
*732 Thomas G. Morton, Jr., The Morton Law Center of Pensacola, P.A., Pensacola, for appellant.
J. Nixon Daniel, III of Beggs & Lane, Pensacola, for appellee.
PER CURIAM.
Appellant, Mary Louise Lockwood, appeals from final judgment entered in her medical malpractice action in favor of the defendant below, Baptist Regional Health Services, Inc. (Baptist), directing that appellant recover nothing. We affirm.
Appellant's complaint specifically alleged negligence in Baptist's application and maintenance of a Buck's boot, which she contends resulted in peroneal nerve damage and dropped foot. The case was tried before a jury, which found no negligence on the part of Baptist and a verdict and judgment were entered accordingly.
Appellant raises five issues on appeal. The first two points raised, regarding the objection to the size of the jury venire and the denial of appellant's motion to strike a prospective juror for cause, are frivolous and we affirm as to them without further comment. We will, however, discuss the three remaining issues, in which appellant raises two evidentiary questions and an alleged error as to the giving of an instruction.
The first evidentiary issue contends that the trial court erred in refusing to permit appellant to place certain standard books of reference and procedure manuals utilized by the defendant hospital into evidence. We agree with appellant that books establishing industry standards and policy manuals describing a hospital's routine practice are admissible evidence. See Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761 (Fla. 1st DCA 1986) (evidence of industry standards and defendant's inhouse manuals setting forth its standard policies and procedures are admissible); Marks v. Mandel, 477 So.2d 1036 (Fla. 3rd DCA 1985) (trial court erred in excluding from evidence defendant hospital's emergency room policy and procedure manual). However, affirmance of this issue is nonetheless required, because appellant's counsel failed to properly introduce the material into evidence. Counsel first attempted to introduce the hospital's manuals through use of a deposition of Nurse Patricia Cummins, based upon the theory that she was an expert witness.[1] The court, however, apparently determined the contrary, and any error in this regard has *733 not been preserved for review. Counsel never again attempted to introduce the manuals until he was cross-examining witnesses called by the defendant. As a general rule, a plaintiff may not introduce evidence during the defendant's case-in-chief, and while the plaintiff may introduce evidence during rebuttal, such evidence may not exceed the scope of the defendant's case, which was clearly what happened here. Thus, while there is no doubt that the hospital manuals, if correctly introduced, would have been admissible as evidence, because counsel failed to lay a correct foundation for their entry into evidence, we affirm the lower court's ruling.
The second evidentiary issue raised by appellant was the trial court's alleged error in not allowing the introduction of a videotape into evidence. The video was made for the hospital in 1983 as a training device on the topic of Buck's boot traction procedures. Not only did trial counsel fail to offer a valid exception to the hearsay objection, or adequately respond to the relevancy problem,[2] the videotape did not appear on appellant's exhibit list. An objection to an item omitted from an exhibit list, furnished by a party pursuant to a pretrial order, may be properly sustained. See Crawford v. Shivashankar, 474 So.2d 873 (Fla. 1st DCA 1985) (thermogram photographs omitted from plaintiff's exhibit list were inadmissible). Considering the numerous reasons supporting exclusion of the video, we conclude the lower court did not abuse its discretion in denying the video's admission into evidence.
The final issue raised by appellant concerns the lower court's refusal to give a non-standard jury instruction requested by appellant. Not only was the requested instruction inappropriate under the facts presented, but counsel failed to comply with the pretrial order which required the exchange of proposed jury instructions prior to trial. Under the circumstances, we find no error in denying the requested instruction.
AFFIRMED.
ERVIN, WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Florida Rule 1.330(a)(3) of Civil Procedure controls the use of witness depositions at trial. It provides: "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... (F) the witness is an expert or skilled witness."
[2] The Buck's boot was applied to Ms. Lockwood in 1981. The training tape describing Buck's boot traction procedures was not made until 1983. If indeed the procedures identified in the 1983 tape were in effect in 1981, appellant's counsel failed to so establish.