667 So.2d 458 (1996)
Helen CYGLER, as Executrix of the Estate of Robert P. Usa, Sr., Deceased, and Helen Cygler, as Executrix of the Estate of Stacy T. Usa, Deceased, Appellants,
v.
John J. PRESJACK, Individually, and as Surviving Spouse and Personal Representative of the Estate of Illa Kimberly Presjack, Deceased, John Edward Presjack, Individually, and as Surviving Minor Child, John Edward Presjack and Robert Taylor Presjack, By and Through Their Next of Kin and Guardian/Natural Parent, John J. Presjack, and the Florida Department of Transportation, an Agency of the State of Florida, Appellees.
No. 94-2388.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
*459 Janis Brustares Keyser of Gay Ramsey & Lewis, P.A., West Palm Beach, for Appellant-Helen Cygler.
Joe Reiter of Lytal & Reiter, P.A., and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for Appellees-John J. Presjack, John Edward Presjack and Robert Taylor Presjack.
Marla A. Mudano and David S. Tadros of Walton Lantaff Schroeder & Carson, West Palm Beach, for Appellee-The Florida Department of Transportation.
SCHAPIRO, SHELDON M., Associate Judge.
Defendant, Helen Cygler, as executrix of the estates of Robert P. Usa, Sr., and Stacy T. Usa, appeals from final summary judgment in favor of co-defendant, the Department of Transportation ("the Department"). Because we find that the Department was immune from liability under principles of sovereign immunity, we affirm.
On January 18, 1993, Cygler's decedent, Robert P. Usa, Sr., was travelling in a southbound direction on I-95 in Palm Beach Gardens, Palm Beach County, Florida, when he allegedly lost control of his vehicle and travelled across the median strip into the northbound lane colliding with the vehicle driven by decedent, Illa Presjack. In addition to the death of Illa Presjack, her passengers, John J. Presjack, John Edward Presjack and Robert Taylor Presjack, sustained personal injuries.
As a result, plaintiffs, John J. Presjack, John Edward Presjack, and Robert Taylor *460 Presjack, filed an action for personal injuries and wrongful death against Cygler in her capacity as personal representative of Robert and Stacy Usa. In response, Cygler raised as an affirmative defense that plaintiffs' damages were, in fact, caused by the Department, a third party over whom the defendants had no control. Subsequently, plaintiffs amended their complaint to add the Department as a co-defendant in their action, claiming that the Department, by its failure to construct and maintain a barrier dividing the northbound and southbound lanes of I-95, had negligently created a known dangerous condition.
The Department filed a motion for summary judgment, maintaining inter alia, that it was shielded from liability by virtue of the doctrine of sovereign immunity. The trial court agreed, and granted summary judgment in favor of the Department. Cygler moved the trial court to enter a final judgment in favor of the Department to enable her to appeal this matter. We affirm.
Generally, within the realm of sovereign immunity, the discretionary, judgmental, planning-level decisions of a governmental entity are immune from suit, while operational level decisions are not. Department of Transp. v. Neilson, 419 So.2d 1071, 1075 (Fla. 1982). With regard to decisions of the Department, as stated by the supreme court in Department of Transportation v. Konney, 587 So.2d 1292, 1294 (Fla. 1991), sovereign immunity attaches to planning decisions, as "decisions concerning the initial plan, road alignment, traffic control device installation, or the improvement of roads and intersections are not matters which would subject a governmental entity to liability, because these activities are basic capital improvements and are judgmental, planning level functions." The supreme court has also held that alleged defects in the construction of the road, the median, and the intersection, are defects in the overall plan of the road and therefore are the result of a planning level function to which absolute immunity attaches. Ingham v. Department of Transp., 419 So.2d 1081, 1082 (Fla. 1982).
We note, however, that although the overall plan of a road or highway may be a planning level decision immune from liability, the Department may waive sovereign immunity and thus be liable at the operational level where it has created a known dangerous condition. As explained by the supreme court in City of St. Petersburg v. Collom, 419 So.2d 1082, 1085 (Fla. 1982):
We find that a governmental entity may not create a known hazard or trap and then claim immunity from suit for injuries resulting from that hazard on the grounds that it arose from a judgmental, planning-level decision. When such a condition is knowingly created by a governmental entity, then it reasonably follows that the governmental entity has the responsibility to protect the public from that condition, and the failure to so protect cannot logically be labelled a judgmental, planning-level decision ... [I]t is only logical and reasonable to treat the failure to warn or correct a known danger created by government as negligence at the operational level.
Cygler contends that the Department waived sovereign immunity in this case by negligently maintaining I-95 at the location of the accident in such a condition so as to create a trap or dangerous condition not readily apparent to travellers on that highway. As support she cites Ferla v. Metropolitan Dade County, 374 So.2d 64 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 759 (Fla. 1980). In that case, it was alleged that the actual design and construction of a median strip on a highway caused a car accidently coming into contact with it to become airborne. The court held that the design decision, made after the initial planning-level decision to construct a median, is an operational decision not immune from liability. In reaching this conclusion, the court stated that:
[t]he determination of the precise configuration of the median strip, which the county had already determined was to be installed in some form conceptually does not differ from the activity involved in properly maintaining already installed traffic control devices which the court specifically held to be non-immune from tort liability ...
Id. at 66 (emphasis added).
Nonetheless, we conclude that the Department had not waived sovereign immunity *461 in this instance. As recognized by Justice Kogan in his special concurrence in Konney, the supreme court in Neilson and Collom intended for liability to attach in situations in which there is "a known hazard so serious and so inconspicuous to a foreseeable plaintiff that it virtually constitutes a trap." 587 So.2d at 1299. We agree with the second district's holding in Department of Transportation v. Stevens, 630 So.2d 1160, 1162 (Fla. 2d DCA 1993), review denied, 640 So.2d 1108 (Fla. 1994), in which the court, following Justice Kogan's reasoning in Konney, stated, "[s]overeign immunity has not been waived for every `dangerous condition' known to or created by the state and within its capacity to correct or warn." Under the facts of this case, we do not find the Department to have created a known dangerous condition rising to a level sufficient to vitiate its sovereign immunity by any failure to erect barriers separating traffic on I-95.
Moreover, we distinguish Ferla. In the case at bar, unlike Ferla, there is nothing to suggest that the accident in the instant case was the result of a subsequent operational level decision regarding design and construction beyond the Department's initial planning level decision to install a median separating the northbound and southbound lanes of I-95. Accordingly, we hold that summary judgment was properly granted on grounds of sovereign immunity.
Cygler also appeals from an order granting plaintiffs' motion for summary judgment as to her affirmative defense that the damages suffered by plaintiffs were caused by the Department and not by her decedent. The trial court had granted plaintiffs' motion for summary judgment on this affirmative defense at the same time it had granted summary judgment in the Department's favor on grounds that the Department was protected by sovereign immunity and, therefore, exempt from comparative negligence. We decline to review this issue at this time on grounds that order granting summary judgment as to Cygler's affirmative defense is a not an appealable nonfinal order.
We reject Cygler's contention that Florida Rule of Appellate Procedure 9.110(h), which provides that an appellate court "may review any ruling or matter occurring before filing of the notice [of appeal]," is applicable to this case. We disagree that the summary judgment on the affirmative defense is directly related and is an aspect of the final summary judgment in favor of the Department. See Altair Maintenance Servs., Inc. v. GBS Excavating, Inc., 655 So.2d 1281 (Fla. 4th DCA 1995). While the final judgment in favor of the Department constitutes an end to the judicial labor in the action between the relevant parties, specifically plaintiffs and the Department, and is therefore properly reviewable, the same cannot be said for the matters between plaintiffs and Cygler. Accordingly, we decline to review the propriety of the summary judgment on the affirmative defense at this time. See Lincks v. JMAR Int'l, Inc., 655 So.2d 191 (Fla. 4th DCA 1995).
AFFIRMED.
POLEN and STEVENSON, JJ., concur.