PER CURIAM.
The Appellant, the Department of Transportation (“DOT”), appeals a final judgment entered in favor of the Appellee. The DOT raises four issues on appeal. However, because the DOT’S first issue is dispositive, we address only the trial court’s error in denying the DOT’S motion for summary judgment based on sovereign immunity. We conclude that sovereign immunity applies, insulating the DOT from liability, and therefore, we reverse and remand.
A governmental entity is immune with respect to its discretionary, judgmental, and planning decisions; however, a governmental entity is exposed to liability for operational decisions. See generally Cygler v. Presjack, 667 So.2d 458, 460 (Fla. 4th DCA 1996). Generally, “decisions concerning the installation of traffic control devices, the initial plan and alignment of roads, or the improvement or upgrading of roads or intersections” have been held to be planning-level decisions. Department of Transp. v. Neilson, 419 So.2d 1071, 1077 (Fla.1982). An exception to this rule is “when a governmental entity creates a *497 known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger.” City of St. Petersburg v. Collom, 419 So.2d 1082, 1088 (Fla.1982). We have recognized, as have other district courts, that the Florida Supreme Court did not intend to waive immunity for every known dangerous condition created by the state, but intended for liability to attach only in situations where there is “a known hazard so serious and so inconspicuous to a foreseeable plaintiff that it virtually constitutes a trap.” Cygler, 667 So.2d at 461; Scott v. Florida Dep’t of Transp., 752 So.2d 30, 34 (Fla. 1st DCA 2000); Department of Transp. v. Stevens, 630 So.2d 1160, 1162-63 (Fla. 2d DCA 1993).
The present case involves an accident that the Appellee argues occurred as a result of a dangerous intersection. Dixie Highway runs northbound and southbound south of the intersection, but turns into a southbound only highway north of the intersection. While proceeding southbound on the one-way portion of Dixie Highway, the Appellee was struck by a motorist who improperly proceeded into the one-way section of Dixie Highway from the two-way section of the highway. At the intersection, the DOT provided the following traffic control devices indicating the one-way nature of the highway north of the intersection: white arrows on the pavement indicating right or left turns only; traffic lights with green arrows indicating right or left turns only; suspended signs depicting arrows indicating right or left turns only; a suspended sign that read “Right Turn On Red Right Lane Only”; and two “Do Not Enter” signs, one of which was positioned at eye-level.
The Appellee filed a complaint against the motorist and the DOT. With respect to the DOT, the Appellee alleged the DOT created a known dangerous condition not readily apparent or a trap. The DOT moved for summary judgment, asserting sovereign immunity barred the suit.
The evidence considered by the trial court in ruling on the motion for summary judgment included deposition testimony from employees of businesses near the intersection, as well as expert testimony. While the employees frequently observed cars going the wrong way in the one-way southbound portion of Dixie Highway, many of the employees did not know from where the cars originated while others indicated the cars had turned onto the intersection rather than proceeded northbound through the intersection from the two-way portion of Dixie Highway. The employees also observed “near-misses” in the one-way portion of the intersection. None of the employees reported their observations to the DOT. The expert testimony revealed that the traffic control devices either met or exceeded the minimum standards for such an intersection. Despite compliance with the minimum standards, two experts-a traffic engineer and a human factors professional-opined that the intersection was confusing, overwhelming, and misleading and that advanced warnings and larger, less confusing signs would improve the situation.
While the intersection in the present case may have been confusing, we note as did the Second District that “a certain level of hazard is intrinsic and unavoidable in roadway construction and in the management of traffic flow.” See Stevens, 630 So.2d at 1163. Virtually every intersection may be inherently dangerous. See Department of Transp. v. Konney, 587 So.2d 1292, 1295 (Fla.1991); Stevens, 630 So.2d at 1163. The question then becomes what degree of danger must be presented in order for sovereign immunity to be waived. Over the years since Collom, cases have acknowledged that the Collom exception required that before sovereign immunity will be waived there must be a “known hazard so serious and so inconspicuous to a foreseeable plaintiff that it virtually constitutes a trap.” See Cygler, 667 So.2d at *498 460-61; Scott, 752 So.2d at 34; Stevens, 630 So.2d at 1162-63. Such a situation, however, is not presented here. Although the intersection may have caused confusion, any danger was not so serious and so inconspicuous to a foreseeable plaintiff that it virtually constituted a trap. As in Cygler, we do not find that the DOT created a known dangerous condition rising to a level sufficient to vitiate its sovereign immunity. Accordingly, we reverse the trial court’s denial of the DOT’S motion for summary judgment and remand for the trial court to enter a final summary judgment in favor of the DOT.
REVERSED AND REMANDED.
GUNTHER, FARMER and GROSS, ' JJ., concur.