861 So.2d 1251 (2003)
Lamar W. MOORE, Appellant,
v.
STATE of Florida, FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION f/k/a Department of Environmental Protection, Division of Law Enforcement (f/k/a Florida Marine Patrol), Appellee.
No. 1D03-0698.
District Court of Appeal of Florida, First District.
December 16, 2003.
*1252 Ronald A. Mowrey and Donna S. Biggins, of Mowrey & Biggins, P.A., Tallahassee, for appellant.
Charlie Crist, Attorney General; Denis Dean, Special Counsel, Tallahassee, for appellee.
WOLF, C.J.
Appellant, Lamar Moore, seeks review of an order granting the Fish and Wildlife Conservation Commission's (FWC) motion for directed verdict at the close of plaintiff's evidence on two counts of negligence and negligent supervision and training. The only reason for the trial court's order was its finding that no common law duty of care existed. We affirm without further discussion the directed verdict with regard to the negligent supervision and training claim, but conclude that the trial court erred as a matter of law in its determination to direct a verdict for the FWC as to the negligence claim.[1]
On December 7, 1998, Lamar Moore, plaintiff below, was fishing off Port St. Joe with three other fishermen. While fishing in knee high water, a FWC officer approached, requested the fishermen to provide their fishing licenses and identification, and directed them to retrieve their fishing nets. While the officer checked licenses and the fishermen were retrieving their nets, appellant was stung on the left ankle by a stingray. The stingray barb pierced his ankle. Plaintiff offered evidence that one of the fishermen repeatedly asked the officer to take appellant ashore, but the officer refused to do so until the evidence was collected. Appellant eventually was transported ashore aboard the officer's vessel. Once on shore, appellant received medical care. Appellant was later admitted to the hospital for a serious *1253 infection and spent three days in the hospital.
Duty of care is a question of law and as such our review is de novo. Warren ex rel. Brassell v. K-Mart Corp., 765 So.2d 235, 236 (Fla. 1st DCA 2000). When reviewing an order for directed verdict, we like the trial court are required to evaluate the evidence in the light most favorable to the nonmoving party, and every reasonable inference must be found in the nonmoving party's favor. See Scott v. TPI Rests., Inc., 798 So.2d 907 (Fla. 5th DCA 2001).
A state agency cannot be liable in tort unless a common law or statutory duty of care existed that would have been applicable to an individual under similar circumstances. Henderson v. Bowden, 737 So.2d 532 (Fla.1999). Appellant argues that the FWC officer owed him a duty of care, citing Kaisner v. Kolb, 543 So.2d 732 (Fla.1989). In Kaisner, the plaintiff's vehicle was struck by another vehicle after two police officers had pulled plaintiff over for an expired inspection sticker. Id. at 732. There, the Florida Supreme Court held that the plaintiff was sufficiently restrained of liberty to be in the "custody" or control of the police, and as a result the officers owed him a duty of care arising under the common law of Florida. Id. at 734.
In Kaisner, the Florida Supreme Court concluded that "custody" should not be narrowly construed:
The term `custody' is defined as the detainer of a man's person by virtue of lawful process or authority. The term is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisoning or of taking manual possession. We thus conclude that "custody" need not consist of the formal act of an arrest, but can include any detention.
Id. at 734 (emphasis in original; citation omitted).
We find that there was testimony establishing that Moore was essentially "pulled over" and detained during his encounter with the FWC officer. Although the fishermen may not have technically been in custody for arrest purposes, appellant's detainment can be viewed as "custody" as defined in Kaisner. Similar to the plaintiff in Kaisner, Moore and the other fishermen testified that they did not feel that they were free to leave. In fact, the officer still had their licenses and identifications. As in Kaisner, the only way appellant could have escaped the threat of further injury (the infection) would have been to disobey the officer's instruction to remain until the nets were recovered, thus subjecting himself to immediate arrest and criminal charges. Thus, once appellant had been restrained of his liberty, he was in the "foreseeable zone of risk" described in Kaisner. Therefore a duty of care was owed to the appellant.
Once it is determined that a government defendant otherwise owes a duty of care to the plaintiff, the question of the applicability of sovereign immunity is raised. Henderson, 737 So.2d at 535. Discretionary policy-making or planning activities of governmental entities are immune from tort liability, although immunity from tort liability is waived for negligent activities that are operational and for which a common law duty of care exists. See Scott v. Dep't of Transp., 752 So.2d 30 (Fla. 1st DCA 2000). Appellant's argument is centered on the manner in which the FWC's policies were implemented. This is an operational function and not *1254 subject to the sovereign immunity protections.[2]
We also note that the trial court erred in excluding FWC's General Order 02 from evidence. The trial court found General Order 02 to be inadmissible on relevancy grounds. The general order in question provides guidance for law enforcement personnel if a fellow officer or suspect is injured during an arrest; thus, General Order 02 is relevant as it specifically deals with a person who was injured while in custody, such as appellant. See, e.g., Lockwood v. Baptist Reg'l Health Servs., Inc., 541 So.2d 731 (Fla. 1st DCA 1989) (holding that a hospital's internal policy manuals describing a hospital's routine practice were relevant to patient's allegation of negligence in the hospital's application and maintenance of a traction device). On remand, the trial court should allow General Order 02 into evidence unless otherwise inadmissible under section 90.403, Florida Statutes.
Because we find, as a matter of law, that the FWC owed appellant a legal duty, we reverse and remand for a new trial on the count of negligence.
Reversed in part, affirmed in part.
ERVIN and PADOVANO, JJ., concur.
NOTES
[1] FWC conceded at oral argument that it did have a duty of care, which was the only basis for the trial court directing the verdict. We reject appellee's contention that the trial court could have directed a verdict on the issues of breach and proximate cause because there was sufficient evidence to present the matter to the jury for their consideration.
[2] Kaisner is also instructive on determining whether the officer's actions were operational and subject to tort liability, or discretionary in nature, and thus immune from liability. There, the Florida Supreme Court stated,

Intervention of the courts in this case will not entangle them in fundamental questions of public policy or planning. It merely will require the courts to determine if the officers should have acted in a manner more consistent with the safety of the individuals involved.
Kaisner, 543 So.2d at 737-38.