875 So.2d 680 (2004)
Rebecca INGRAM, W. Rogers Ingram, and Sharon Ingram, Appellants,
v.
Edward G. WYLIE; Florida Department of Education; et al., Appellees.
No. 1D03-2800.
District Court of Appeal of Florida, First District.
May 18, 2004.
*681 Ronald G. Meyer and Mary F. Aspros of Meyer and Brooks, P.A., Tallahassee, for Appellants.
Charles J. Crist, Jr., Attorney General, and Pamela Lutton-Shields, Senior Assistant Attorney General, Tallahassee, for Appellees.
PER CURIAM.
We have before us an appeal of an order granting Appellee Department of Education's (DOE) motion to dismiss based on the doctrine of sovereign immunity. Appellants allege that DOE negligently reissued Appellee Wylie's teaching certificate, resulting in Wylie sexually taking advantage of Appellant Rebecca Ingram. We reverse and remand.
On appeal of the granting of a motion to dismiss, we must look solely at the allegations contained in the Amended Complaint. Appellants allege that in 1988, DOE permanently revoked Wylie's teaching certificate based upon a finding that he impregnated a minor student while employed as a teacher in Polk County. Three years before his certificate was permanently revoked, DOE received a report that Wylie had allegedly been romantically involved with a different minor female student.
Appellants also claim that in 1994 Wylie applied for a temporary teaching certificate, which DOE granted. In 1996, he became fully certified. During the 1998-1999 school year, when Appellant Rebecca Ingram was 15 and 16 years old, she was a student in Wylie's high school class in Pinellas County. Wylie had a sexual relationship with Rebecca when she was 16 years old.
DOE cannot be liable in tort unless a common law or statutory duty of care existed that would have applied to an individual under similar circumstances. Moore v. State, Fla. Fish and Wildlife Conservation Comm'n, 861 So.2d 1251, *682 1253 (Fla. 1st DCA 2003). Appellants claim in their Amended Complaint that DOE knew or should have known of Wylie's history of inappropriate sexual relationships with minor female students, and that his teaching certificate had been permanently revoked. Consequently, according to Appellants, DOE breached its duty to protect the interests of students and parents by reissuing Wylie's teaching certificate, thereby creating a known dangerous condition, unknown to Appellants. Further, Appellants claim that DOE breached its duty to warn Appellants or protect them from Wylie, a known danger to minor female students.
As such, Appellants claim that DOE breached a common law duty of care. In Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985), the Florida Supreme Court clarified the concept of governmental tort liability, labeling governmental functions and activities into four categories: (I) legislative, permitting, licensing, and executive officer functions; (II) enforcement of laws and the protection of the public safety; (III) capital improvements and property control operations; and (IV) providing professional, educational, and general services for the health and welfare of the citizens. Id. at 919.[1]
Under category IV, the Court held that providing professional, educational, and general services for the health and welfare of citizens "is distinguishable from the discretionary power to enforce compliance with laws passed under the police power of this state" because these services, including educational services, "are performed by private persons as well as governmental entities, and common law duties of care clearly exist." Id. at 921. Hence, we hold that DOE had a common law duty to Appellants to protect them from Wylie.
Since a common law duty of care existed, we necessarily reach the issue of whether DOE is protected by sovereign immunity. Moore, 861 So.2d at 1253. Discretionary policy-making or planning activities of governmental entities remain immune from tort liability. However, immunity from tort liability is waived for negligent activities that are operational and for which a common law or statutory duty of care exists. Scott v. Fla. Dep't of Transp., 752 So.2d 30, 32 (Fla. 1st DCA 2000). At issue is the reissuance of Wylie's teaching certificate. DOE was alleged to be negligent in reissuing the teaching certificate, having previously permanently revoked Wylie's teaching privileges. This alleged negligence was caused by the manner in which DOE's policies were implemented and is not subject to sovereign immunity protection. Moore, 861 So.2d at 1253-1254.
We hold that DOE is not protected by sovereign immunity and, therefore, Appellees' motion to dismiss was improperly granted.
REVERSED and REMANDED for further proceedings.
ERVIN and BOOTH, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.
NOTES
[1] This case does not involve a permitting issue under category I; instead, it involves the negligent reissuing of a teaching certificate.