DAVIS, Judge.
Angela Merkle, as Personal Representative of the Estate of Robert W. Merkle, Jr., appeals the final summary judgment entered in favor of Home Shopping Network, Inc. (“HSN”), Edward Vaughn, and Larry Krupnick. Additionally, Mrs. Mer-kle challenges several of the trial court’s pretrial rulings. We affirm the final summary judgment entered in favor of HSN, Vaughn, and Krupnick without discussion and dismiss as nonappealable Mrs. Mer-kle’s challenge to the pretrial rulings.
Robert W. Merkle was charged with battery as a result of a confrontation with George Gusler. After being acquitted at a jury trial, Mr. Merkle filed a malicious prosecution claim against Gusler. Believing that Gusler’s battery charge against him had been motivated by the wishes of Gus-ler’s employer, HSN, as revenge for Mr. Merkle’s filing of a lawsuit against HSN, Mr. Merkle later joined HSN and two other HSN employees, Vaughn and Krup-nick, as defendants, claiming that they conspired and assisted Gusler in his malicious prosecution of Mr. Merkle. After filing the action, Mr. Merkle died, and Mrs. Merkle, as the personal representative of the estate, was substituted as plaintiff.
Prior to the entry of the final summary judgment in favor of HSN, Vaughn, and Krupnick, the trial court entered rulings on several motions that Mrs. Merkle now challenges. Two of these motions were related only to HSN.[1] Three of the rulings applied to all four of the defendants. These included Merkle’s motion in limine to restrict reputation evidence, the defendants’ motion in limine to preclude Merkle from admitting into evidence the transcript of the testimony Gusler gave at Merkle’s battery trial, and Merkle’s motion for recu-sal of the trial judge.
Our affirmance of the final summary judgment in favor of HSN renders moot the two rulings that applied only to HSN. However, since the trial court denied Gus-ler’s motion for summary judgment, thus *843 allowing Mrs. Merkle’s action to continue as to him, the trial court’s rulings that dispose of issues related to the continuing action against Gusler are not yet ripe for review. See Stone v. Venetian Isles Homeowners Ass’n, 431 So.2d 623 (Fla. 2d DCA 1983).
Although Mrs. Merkle argues that these rulings are appealable pursuant to Florida Rule of Appellate Procedure 9.110(h), we disagree. All three of these rulings are nonfínal and nonappealable.[2] While rule 9.110(h) does allow this court to review “any ruling or matter occurring before filing of the notice” of appeal, the Committee Notes to that rule explain that subdivision (h) allows a party to file a single notice of appeal “if a single proceeding ... results in more than 1 final judgment and an appeal of more than 1 is sought.” In the instant case, there are two proceedings, and the rulings at issue are not final in Mrs. Merkle’s action. Thus, although the rulings are related to the final order on appeal, they are also interrelated with the claims contained in Mrs. Merkle’s continuing action against Gusler, rendering them nonappealable in the instant action. See Behavioral Healthcare Options, Inc. v. Charter Behavioral Health Sys. of Tampa Bay, Inc., 727 So.2d 1135 (Fla. 2d DCA 1999); Cygler v. Presjack, 667 So.2d 458 (Fla. 4th DCA 1996). Because these are nonfinal, nonappealable orders that are not included in rule 9.110(h), we dismiss Mrs. Merkle’s appeal as to these issues.
Affirmed in part, dismissed in part.
CANADY and WALLACE, JJ„ Concur.

. The trial court denied Mrs. Merkle’s motion to allow the filing of a claim for punitive damages against HSN. The trial court also denied Mrs. Merkle’s motion to strike the affirmative defenses filed by HSN.

. The denial of a motion for recusal is reviewed by prohibition. The order denying the motion was entered March 14, 2003, and the notice of appeal was not filed until August 5, 2003. We do not reach the issue of whether this issue may be reviewed on direct appeal of a final judgment.