SHEPHERD, J.
Donna A. Portis appeals an “Order on Motion to Dismiss for Lack of Prosecution.” Based upon our independent review of the record and Appellees’ commendable and proper confession of error, we reverse the trial court order and remand with directions to vacate the order of dismissal.
Portis also seeks to bootstrap review of a two-year-old order granting summary judgment to two parties not directly interested in the order of dismissal. For the reasons we next express, we lack jurisdiction to review that order.
This is a wrongful death action stemming from a motor vehicle accident. The defendants in the case are Anthony Pren-dergast, the owner/operator of the tractor portion of the tractor trailer involved in the accident, Prendergast’s employer, Sea-truck, Inc., and Genstar, Inc., the owner of the trailer and cargo container attached to the tractor.
Two years before the entry of the order of dismissal for lack of prosecution, the trial court entered an order granting final summary judgment to two of the three party-defendants. The order states in its entirety:
1. [Tjhe motion for summary judgment be and the same is hereby granted as to Seatruck, Inc. and Genstar Container Corporation.
2. [T]he motion for summary judgment is denied as to Anthony Prender-gast.
The order was recorded in the public records.[1] Portis did not seek to appeal from this order. If this order is a final order, Portis’ time to seek review of that portion of the order granting summary judgment to Seatruck, Inc. and Genstar Container Corporation has long passed. See Fla. R. App. P. 9.110(b) (stating that jurisdiction to review a final order of a lower tribunal must be filed within thirty days of rendition). If not, Portis can seek entry of an appealable final judgment even now. See Fla. R. Civ. P. 1.100(b). However, Portis cannot now bootstrap review of this order to an order affecting her rights against another defendant.
We recognize Florida Rule of Appellate Procedure 9.110(h) authorizes an appellate court to review “any ruling or matter occurring before filing of the notice [of appeal].” We construe the phrase “ruling or matter” in Rule 9.110(h) to mean rulings and orders “directly related to and an aspect of the final [order]” under review. Cygler v. Presjaek, 667 So.2d 458, 461 (Fla. 4th DCA 1996) (finding an adverse summary judgment on a defendant’s affirmative defense was a non-final, non-appealable order in the plaintiffs appeal of summary final judgment in favor of the co-defendant); see also Merkle v. Home Shopping Network, 916 So.2d 841, 842-43 (Fla. 2d DCA 2005) (declining the plaintiffs invitation on appeal to afford a literal, temporal construction of Florida Rule of Civil Procedure 1.110(h) to obtain review of a non-final order in a multi-defendant case which, going forward, is pertinent only to a defendant who is not an immediate party to the appeal taken by the plaintiff); see generally “Appeals from Final Orders: Scope of Review,” 2 West’s Florida Appellate Practice § 23.3 (2011 ed.). Any conclusion to the contrary invites jurisdictional mischief — here, the arguable creation of a second window within which to obtain review of an order the defendants, Seatruck and Genstar, might contend was final if Portis were now to seek *1236 entry of judgment on the order for appellate purposes. The jurisdiction of the courts of this state is an intricate design arising out of provisions of the state constitution, statutes, and rules of procedure. We are not authorized to cut corners on that design.
Reversed in part; dismissed in part.

. The recording of a non-final order does not convert the order into a final appealable order.