# Third District Court of Appeal
## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2142
Lower Tribunal No. 20-9071
_____

**Miami-Dade County**,
Appellant,

vs.

**Javier Perez**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa Walsh and Gina Beovides, Judges.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Joni A. Mosely and Richard Schevis, Assistant County Attorneys, for appellant.

Sodhi Spoont PLLC, Eric M. Sodhi, Joshua L. Spoont, and Nathaniel M. Edenfield, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

EMAS, J.

Javier Perez (plaintiff below) sued Miami-Dade County for injuries he suffered while attending his son's little league game in Tamiami Park, after a drunk driver crashed through a chain-linked fence and onto the baseball field, pinning Perez to the ground. Both of Perez's legs had to be amputated. The complaint alleged Miami-Dade County was negligent in constructing the baseball field in an unapproved location, creating an unreasonably dangerous condition (Count I) and in failing to warn of the dangerous condition (Count II). The County moved to dismiss Perez's complaint, asserting entitlement to sovereign immunity. The trial court entered an order denying the motion, which the County now appeals.[1]

We affirm the trial court's order because, at this stage of the proceedings and accepting as true the well-pled allegations of the complaint and attachments,[2] the causes of action alleged in Perez's complaint are

---

[1] We have jurisdiction, see Fla. R. App. P. 9.130(a)(3)(F)(iii) (authorizing appellate review of nonfinal orders that "deny a motion that . . . asserts entitlement to sovereign immunity"); Fla. Hwy. Patrol v. Jackson, 288 So. 3d 1179 (Fla. 2020); City of Sweetwater v. Pichardo, 314 So. 3d 540 (Fla. 3d DCA 2020), and review the trial court's order de novo. The Florida Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006) ("A ruling on a motion to dismiss based on a pure question of law is subject to de novo review"); City of Miami Firefighters' & Police Officers' Ret. Tr. & Plan v. Castro, 279 So. 3d 803, 806 n.11 (Fla. 3d DCA 2019); Medina v. Pollack, 300 So. 3d 173, 175 (Fla. 4th DCA 2020).

[2] In considering a motion to dismiss, the trial court is bound by the four corners of the complaint and any attachments; it must accept as true the well-pled allegations of the complaint, and consider those allegations in a

premised not upon the County's planning-level decisions, but upon the County's alleged operational-level actions. See Sanchez v. Miami-Dade Cty., 245 So. 3d 933, 936 (Fla. 3d DCA 2018) ("[T]he Florida Supreme Court held 'that the separation-of-powers provision present in article II, section 3 of the Florida Constitution requires that 'certain [quasi-legislative] policy-making, planning or judgmental governmental functions cannot be the subject of traditional tort liability," but decisions made at the operational level—decisions or actions implementing policy, planning, or judgmental governmental functions—generally do not enjoy sovereign immunity") (quoting Commercial Carrier Corp. v. Indian River Cnty., 371 So. 2d 1010, 1020 (Fla. 1979)). "Planning level functions are generally interpreted to be those requiring basic policy decisions, while operational level functions are those that implement policy." Id. See also Osorio v Metropolitan Dade Cty., 459 So. 2d 332, 333 (Fla 3d DCA 1984) (recognizing that, while the county's decision to install a "stop ahead" sign and the proper location for that sign

---

light most favorable to the plaintiff. See Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732, 734 (Fla. 2002); City of Miami v. Cruz, 47 Fla. L. Weekly D1353 (Fla. 3d DCA June 22, 2022); Dist. Bd. of Tr. of Miami Dade Coll. v. Verdini, 47 Fla. L. Weekly D857 (Fla. 3d DCA April 13, 2022). We note additionally that "[s]overeign immunity generally is an affirmative defense that may justify granting a motion to dismiss only when the complaint itself conclusively establishes its applicability." Sierra v. Associated Marine Insts., Inc., 850 So. 2d 582, 590 (Fla. 2d DCA 2003).

3

constitute planning-level decisions which would be immune from suit, operational-level actions implementing those decisions would not be; reversing summary judgment in favor of county because a genuine dispute of material fact remains whether "the workers failed to implement the planning decision" when installing the stop ahead sign in a different location than that directed by the county's work order and whether that was a legal cause of the accident); City of St. Petersburg v. Collom, 419 So. 2d 1082, 1083 (Fla. 1982) ("[W]hen a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational level arises to warn the public of, or protect the public from, the known danger. The failure to fulfill this operational-level duty is, therefore, a basis for an action against the governmental entity.")

Affirmed.